BLANCHE, Judge.
This suit arises out of an automobile accident which occurred on April 10, 1969, at the intersection of Beéchwood Street and Airline Highway in Baton Rouge, Louisiana. The parties are plaintiff, Mrs. Leona Rydberg, and defendants, Leon Wallace and his liability insurer, The Travelers Insurance Company. The defendant’s automobile was driven by his wife at the time of the accident. The trial judge found defendant’s wife was solely responsible for the accident and awarded plaintiff $1,750 general damages, together with special damages totaling $411.10. From this judgment plaintiff has appealed and asked for an increase in the award for general damages, asserting that her physical injuries were of a more serious nature than found by the trial judge. The defendant Travelers has answered the appeal, seeking a reduction of this award as well as a reversal of the trial judge’s finding on liability. We find no error and affirm the judgment.
The plaintiff, Leona Rydberg, in obedience to a traffic signal, brought her automobile to a stop and maintains that while she was waiting for the light to change she was struck from the rear by defendant’s wife, Mrs. Leon Wallace. Mrs. Wallace relates a different version of the manner in which the accident occurred. She contends that she was behind plaintiff at the light; and when the light changed, plaintiff caused the accident by starting off and then stopping abruptly, without warning, immediately in front of her. The police officer who investigated the accident indicates that the collision was at a point on Beechwood Street some twenty-seven feet from the north parallel line of the Airline Highway, thus indicating that plaintiff had not moved prior to the collision. A written statement made by plaintiff to an adjuster for the defendant-insurer indicates that plaintiff had actually proceeded to make a left turn into the intersection after the traffic light had turned green instead of being stopped at the traffic light waiting for it to change when the accident occurred. At trial, however, plaintiff maintained that she did not move off from the light, and evidently the trial judge believed her and relied on the testimony of the police officer as corroborative to the extent that the accident occurred at Beech *370 wood rather than in the intersection. We find no manifest error with his resolution of this issue.
Plaintiff’s argument for an increase in the award for pain and suffering is based primarily on the plaintiff’s statement that she still suffered from her back at the date of trial, which was a period of approximately two years after the accident, and that she was treated by a doctor for almost one year.
The trial judge in Written Reasons for Judgment described plaintiff’s injuries as follows:
“Although the petitioner made no complaint to the investigating officer, she said that immediately following the collision she began to experience pain and discomfort in the lower back region and became nauseated. She worked that day at the Charity Hospital, but later that night she went to Lane Memorial Hospital for treatment, where she was seen by a Dr. Morris; however, she was not hospitalized. Subsequently, on April 14th, she was seen by Dr. Edward Cooper who said she complained of moderate to severe low back pain. He found that she had muscle spasm in the lumbar area, but the x-rays taken and the neurological examination made was' within normal limits. He diagnosed her injuries as a lumbo sacral strain of moderate to severe degree of intensity. He found no muscle spasm upon a subsequent visit of April 18, 1969 and declared that at that time her prognosis was good. Because of continuing complaints, he referred her to Dr. Jack Loupe, an orthopedic surgeon. Loupe said that all orthopedic evaluation tests conducted by him were negative and that he found a normal neurological examination. He said that he thought she had a lumbar sacral sprain, moderately symptomatic. Dr. Loupe told her to stop work and sent her to a physical therapy center. The physician said that he thought that she was substantially improved by May 29, 1969, and although he saw Mrs. Rydberg on several occasions thereafter, it is obvious to the court that he was not convinced she had any serious problems with her back after December 8, 1969 despite her complaints. The court is satisfied that the petitioner had a moderate to severe lumbar strain which lasted several weeks in duration and which may have produced some discomfort for possibly six months thereafter, but which according to all doctors’ testimony was negative as to any objective signs shortly after the accident. It is felt that the sum of $1,750.00 is adequate to compensate her for her injuries.” (Written Reasons for Judgment, Record, pp. 28, 29)
Our review of the record is in accord with that of the trial judge’s concerning the severity of plaintiff’s injuries. The record does not reflect that they were as serious as plaintiff has contended on appeal.
The judgment is correct and is affirmed at the cost of plaintiff-appellant.
Affirmed.