GULOTTA, Judge.
This is an appeal from a judgment in favor of plaintiffs for damages and in *765 juries sustained by Mrs. Harold Lewis and her two minor children in a vehicular accident occurring in the afternoon on December 16, 1968, while she was attempting to make a left turn into her driveway in the middle of the block on Ames Boulevard in Jefferson Parish.
Appellants seek a reversal as to liability and alternatively seek a reduction. Appel-lees seek an increase in quantum.
Ames Boulevard is a two-lane street, with one lane of travel in each direction. Plaintiff was traveling in a northerly direction followed by a tractor trailer truck which in turn was followed by defendant’s vehicle, a South Central Bell Telephone Company truck driven by Paul J. Allemand. Plaintiff’s version is that she flashed her blinker signal and slowly reduced her speed from 15 m. p. h. to a stop in front of her residence preparatory to turning into her driveway. In her rear view mirror she could see only the tractor trailer truck which came to a stop behind her. After waiting for oncoming traffic to pass and again checking the rear view mirror, she commenced to make a left turn, whereupon defendant’s vehicle pulled out into the left lane from behind the trailer truck in an attempt to pass the stopped vehicles and struck plaintiff’s automobile on the left side. According to plaintiff, the front part of the automobile was in the driveway and only the rear wheels were on the street. The photographs show that plaintiff’s car was struck just forward of the rear wheels.
Defendant’s version is that he was following about 20 m. p. h. for three blocks behind the tractor trailer truck and decided to pass. When he approached approximately the back of the tractor part of the truck, near the cab, he first saw plaintiff’s car turning left from the right side of the roadway into the driveway. Appellants attacked the credibility of plaintiff’s explanation of the occurrence. They argue that in Mrs. Lewis’ deposition she did not indicate the presence of oncoming traffic nor that she had stopped to allow oncoming traffic to pass, while in her testimony at the trial she referred on more than one occasion to approaching passing traffic.
In this respect, we are of the opinion that Mrs. Lewis, in her deposition, was answering questions propounded to her concerning her action immediately prior to negotiating the left turn. The questioning was oriented toward her observation of traffic approaching from the rear and her first observation of the telephone truck. She stated that she looked twice in the rear view mirror to see if traffic was approaching from the rear and also glanced at the side view mirror for the same purpose. While she stated there was no traffic approaching from in front of her (in her deposition), it appears that she was referring to the specific time immediately prior to starting the left turn from the stopped position. We fail to obtain from that testimony that she implied automobile traffic was not approaching at any time prior to the time that she attempted the turn. She simply was not asked in the discovery deposition why she had stopped or whether there was any oncoming traffic.
Moreover, her testimony in the trial, corroborated by Joseph Joseph, a next-door neighbor who was in his yard, covers the entire sequence of events prior to the accident, not only the isolated period of time discussed in the deposition immediately prior to the turn. Joseph testified that the automobile had stopped and the tractor trailer truck immediately behind plaintiff had stopped, which further corroborates plaintiff’s version of the accident. He also verified the presence of oncoming traffic.
While under our jurisprudence, as reflected by Fontenot v. Pan American Fire & Casualty Company, 209 So.2d 105 (La.App. 3rd Cir. 1968) and Sonnier v. Hardware Mutual Casualty Company, 242 So.2d 900 (La.App. 3rd Cir. 1971), as well as other cases cited to us by appellants, a high degree of care is placed upon one negotiating a left turn at a place other than an intersection, such as a driveway; nevertheless, we are of the opinion that Mrs. Lewis *766 carried out and discharged that high degree of care required. We fail to visualize what Mrs. Lewis could have done that she did not do. The record reveals that she had her left blinkers on, she slowed down and came to a stop, looked to see if traffic behind her had slowed, and upon seeing no traffic approaching in her direction, thereupon attempted to make a left turn. Her testimony was that her speed was about 15 m. p. h. before slowing down and stopping to make the turn. There is no evidence that she abruptly turned without taking proper precautions. We find no negligence in her action. To this extent, we do not agree with the conclusions reached by the trial judge that plaintiff and defendant were negligent but that defendant had the last clear chance to avoid the accident.
However, the record amply supports the finding of the trial court of negligence on the part of the defendant. That driver, upon seeing the preceding traffic stopped (or at least slowing to a stop) in the middle of a block should have been alerted to an unusual traffic situation and should have executed his passing maneuver only with the greatest degree of caution.
The trial judge awarded the sum of $197.58 property damage and $60.00 for medical expenses to Harold Lewis, individually. A further award to him was made as administrator of the estates of the minors, Sheryl and Greta, in the sum of $150.00 each, or a total of $300.00 for their injuries. Although a medical examination of Sheryl revealed no objective findings, Mrs. Lewis testified that she “complained of her head”. We cannot say that the trial judge committed manifest error in granting a minimum award for pain and suffering. Greta suffered an injury to her right hand and was discharged by her physician after her initial medical examination and one subsequent visit.
In his reasons for judgment, the trial judge found Mrs. Lewis’ injuries to be in “the cervical and low back areas and soft tissue and muscle damage to her leg, accompanied by headache pains and physical incapacity which condition persisted for approximately three months.” Muscle relaxants and pain-killing drugs were prescribed. We find neither the award for the injuries to the minors nor the sum of $1,200.00 for the injuries to Mrs. Lewis to be excessive or inadequate. Accordingly, the judgment of the trial court is affirmed.
Affirmed.
REDMANN, J., dissents with written reasons.