290 So.2d 319 (1974)
Mrs. Rosemary BOUTTE
v.
Mr. and Mrs. Lawrence E. HARGROVE.
No. 53725.
Supreme Court of Louisiana.
February 18, 1974.
*320 Robert M. Caswell, Kronlage, Dittmann & Caswell, New Orleans, for plaintiff-applicant.
Milton E. Brener, Garon, Brener & McNeely, New Orleans, for defendants-respondents.
MARCUS, Justice.
Plaintiff, Mrs. Rosemary Boutte, filed suit against defendants, Mr. and Mrs. Lawrence E. Hargrove, seeking recovery for damages sustained from an assault and battery inflicted upon her by defendants. A jury trial resulted in a special verdict in plaintiff's favor against Mrs. Lawrence E. Hargrove, awarding her $6,000.00 in compensatory damages without indicating how much of that amount had been assessed for special damages and damages for pain, suffering, humiliation and indignity. In addition, the jury awarded plaintiff $3,000.00 in exemplary damages. The trial judge signed a judgment in accordance with this verdict, and defendants appealed.
The Court of Appeal reversed in part to cast defendant, Lawrence E. Hargrove, liable in solido with his wife. It amended the award to plaintiff by disallowing exemplary damages. Upon finding the quantum of compensatory damages to be excessive and constituting a manifest abuse of discretion by the jury, the court further amended the award to plaintiff by reducing compensatory damages from $6,000.00 to $4,026.30, which it itemized as follows: $2,500.00 for pain and suffering; $1,000.00 for embarrassment, humiliation and indignity; and $526.30 for special damages. In all other respects, the judgment of the trial court was affirmed. 277 So.2d 757.
We granted review because of plaintiff's serious allegation that the Court of Appeal had reduced the award for compensatory damages in violation of Louisiana Civil Code Article 1934(3) and the principles announced in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); and Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
Article 1934(3) of the Louisiana Civil Code provides:
"In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. * * *"
In Gaspard v. LeMaire, Ballard v. National Indemnity Company of Omaha, Neb., Lomenick v. Schoeffler and Miller v. Thomas, supra, this Court undertook to make clear to the intermediate courts of appeal the vitality of the codal provision in relation to appellate review of damage awards. More recently, this Court adhered to the principles set forth in the above cited authorities in Fox v. State Farm Mutual Automobile Insurance Company, 288 So.2d 42, and Walker v. Champion, 288 So.2d 44 (both rendered December 3, 1973 and rehearings denied January 11, 1974).
In Ballard v. National Indemnity Company of Omaha, Neb., supra, this Court stated:
"In the types of cases set out in Article 1934 the principle of law announced there becomes applicable only after the lower court finds liability on the part of the defendant and that plaintiff has proved by a preponderance of the evidence the nature and extent of his injury, *321 for only then does it become necessary to assess the damages. On appeal, if the appellate court affirms the lower court and quantum is the issue, the court should then review all the facts and circumstances on which the lower court based the quantum of award, but this review is confined to determining whether there has been an abuse of the `much discretion' vested in the trial court in assessing damages. After a review of all the facts and circumstances, if the appellate court finds that there has been an abuse of discretion, the amount of the award should be increased or decreased as the case warrants."
In Lomenick v. Schoeffler, supra, this Court further elaborated:
"We recognize that in cases of this type the Constitution makes it the duty of appellate courts to review both the law and the facts, but in their examination of the fact these courts must give effect to the basic law set out in Article 1934(3) of our Civil Code that in the assessment of damages in cases of offenses and quasi offenses `much discretion must be left to the judge or jury.' This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court's examination of the facts reveals a clear abuse of the discretion vested in the lower court."
In Miller v. Thomas, supra, after reviewing the decisions in Gaspard v. LeMaire, Ballard v. National Indemnity Company of Omaha, Neb., and Lomenick v. Schoeffler, supra, as well as the earlier case of Vincent v. Morgan's Louisiana & T. R. & S. S. Co., 140 La. 1027, 74 So. 541 (1917), we stated:
"From these decisions, two principles emerge: (1) To modify the amount of an award for general damages, an appellate court must find that the trial judge or jury has abused the `much discretion' accorded by the codal provision; (2) The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity."
In the present case, the record discloses that, as a result of being severely beaten around the head, face and arms, Mrs. Boutte sustained a variety of injuries. She was fifty-three years old at the time. An eyewitness testified that plaintiff "was pretty well battered around the face;" her eye was black and blue and swollen; plaintiff complained about a painful nose and fingers; and her arm was bruised or scratched. Plaintiff had to be taken to the emergency room of Ochsner Foundation Hospital and, thereafter, her injuries required treatment at Ochsner Clinic. Dr. Francis E. LeJeune, Jr., an expert in the field of otolarnygology, testified that plaintiff suffered considerable swelling, soreness and bleeding from the nose, multiple contusions particularly around the face and bridge of the nose, a swollen hand, pain in several areas of the head, a temporary loss of balance, and a 22% loss of hearing. This latter finding was based upon an audiogram. X-ray photographs revealed a fracture of the tip of the nasal bone. Dr. Thomas L. Duncan, an orthopedist, testified that plaintiff sustained a low back strain which he described as "a musculo-ligamentus type of tissue being strained." He further treated her for irritation of a "trigger thumb" condition which was causing plaintiff pain and difficulty. Ultimately, the thumb had to be placed in a splint. Plaintiff testified that her back still hurt at the time of the trial three and a half years after the beating; a tooth had been loosened during the beating and had to be removed; and she suffered considerable pain, embarrassment, humiliation and indignity at the hands of defendants. Plaintiff lost eighteen days of work due to her injuries. Defendants offered no medical evidence to refute the testimony of plaintiff's expert witnesses.
Adequacy or inadequacy of an award should be determined by the facts *322 and circumstances peculiar to the case under consideration. Additionally, the jury or trial judge has the advantage of seeing the witnesses and hearing and evaluating the testimony given at trial. Also, the fixing of an award for pain and suffering cannot be calculated with any mathematical precision. From a review of the record, we conclude that there was no abuse of the "much discretion" vested in the jury when it awarded plaintiff $6,000.00 in compensatory damages. Moreover, we have considered the cases cited by defendants to support their contention that the jury award in this case was excessive and conclude that the jury did not abuse or exceed its discretion herein. Hence, the Court of Appeal erred in reducing the award for compensatory damages.
For the reasons assigned, the Court of Appeal judgment is amended to increase the award of compensatory damages from $4,026.30 to $6,000.00 and, as amended, the judgment is affirmed. Costs of the appeal to this Court are assessed against defendants.
CALOGERO, J., recused.