296 So.2d 257 (1974)
Linda M. REVON
v.
AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY.
No. 54247.
Supreme Court of Louisiana.
June 10, 1974.
Rehearing Denied July 1, 1974.
Frank J. D'Amico, New Orleans, for plaintiff-applicant.
Wood Brown, III, Montgomery, Barnett, Brown & Read, New Orleans, for defendants-respondents.
MARCUS, Justice.
This is a personal injury suit arising out of a slip and fall occurring on the stairs of an apartment building insured by defendant insurance company. Plaintiff's application for writs assigned as the sole error the reduction of plaintiff's award for damages from $35,000.00 to $21,721.21 by the Court of Appeal. Therefore, liability is not at issue; our sole concern is whether or not the Court of Appeal erred in reducing plaintiff's award for damages.
The case was tried by a jury which returned a verdict of $35,000.00 without indicating how much of that amount had been assessed for special and general damages. The trial judge signed a judgment in accordance with the verdict and defendant appealed. The Court of Appeal amended the judgment by reducing the award to plaintiff from $35,000.00 to $21,721.21. The Court of Appeal indicated that the reduced amount represented $2,521.21 in medical expenses, $2,700.00 in loss of income during the period of total incapacity, $2,500.00 for loss of future wages, and $14,000.00 for general damages. In all other respects, the judgment of the trial court was affirmed. Revon v. American Guarantee & Liability Co., 285 So.2d 354 (La.App.1973).
Plaintiff contends that the Court of Appeal reduced the award for damages in violation of Louisiana Civil Code Article 1934(3) and the principles announced in Fox v. State Farm Mutual Automobile Ins. Co., 288 So.2d 42 (La.1973); Walker v. Champion, 288 So.2d 44 (La.1973); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); and Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
Article 1934(3) of the Louisiana Civil Code provides:
"In the assessment of damages under this rule, as well as in cases of offenses, *258 quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. * * *"
In Miller v. Thomas, Lomenick v. Schoeffler, Ballard v. National Indemnity Company of Omaha, Neb. and Gaspard v. LeMaire, supra, this Court undertook to make clear to the intermediate courts of appeal the vitality of the above codal provision in relation to appellate review of damage awards. More recently, this Court adhered to the principles set forth in the above cited authorities in Spillers v. Montgomery Ward & Co., Inc., 294 So.2d 803, handed down by this Court on April 29, 1974; Boutte v. Hargrove, 290 So.2d 319 (La.1974); Fox v. State Farm Mutual Automobile Insurance Co., supra; and Walker v. Champion, supra.
In Miller v. Thomas, supra, after reviewing the decisions in Lomenick v. Schoeffler, Ballard v. National Indemnity Company of Omaha, Neb., and Gaspard v. LeMaire, supra, as well as the earlier case of Vincent v. Morgan's Louisiana & T. R. & S. S. Co., 140 La. 1027, 74 So. 541 (1917), we stated:
"From these decisions, two principles emerge: (1) To modify the amount of an award for general damages, an appellate court must find that the trial judge or jury has abused the `much discretion' accorded by the codal provision; (2) The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity."
Recently, in Spillers v. Montgomery Ward & Co., Inc., supra, we stated:
"A reviewing court might well disagree with the amount of the award fixed by the jury, but it is not entitled to substitute its opinion for that of the trier of facts. Appellate review of awards for damages in the trial court is limited to determining whether the trial court abused its discretion. When a jury fixes an award, and that award is not disapproved by the trial judge, the action of the trial court is entitled to much respect, and should be upset only when it can be demonstrated that the jury abused its discretion."
In Boutte v. Hargrove, supra, we stated:
"Adequacy or inadequacy of an award should be determined by the facts and circumstances peculiar to the case under consideration. Additionally, the jury or trial judge has the advantage of seeing the witnesses and hearing and evaluating the testimony given at trial. Also, the fixing of an award for pain and suffering cannot be calculated with any mathematical precision."
In the present case, the record discloses that, as a result of falling on her back on the metal staircase of the apartment building in which she lived on June 18, 1970, Linda Revon sustained a serious injury to her spine. Because of severe back pain, plaintiff sought the services of Dr. N. T. Gisclair. His examination revealed that plaintiff was in "acute distress" and, since all of her complaints related to her back and leg, he referred her to Dr. James E. Weilbaecher, Jr., an orthopedic surgeon. Dr. Weilbaecher initially diagnosed plaintiff's back injury to be "multiple transverse process fractures, L2, 3, and 4 on the left; L3 and 4 on the right" and a "probable herniated nucleus pulposus, L4-5 on the left." Because of severe pain and discomfort, plaintiff was hospitalized on June 29, 1970, complete bed rest was prescribed, and she was placed in traction for six days. On July 8, 1970, plaintiff was discharged from the hospital and thereafter treated by Dr. Weilbaecher on an out-patient basis until July 28, 1970, when she was re-admitted to the hospital. At this time, a myelogram was made and on August 4, 1970, a partial hemilaminectomy between L4 and L5 on the left side was performed, during which a herniated disc was found on that side. Plaintiff was discharged from the hospital on August 12, 1970. She was thereafter treated by Dr. *259 Weilbaecher as an out-patient and was last seen by him on November 18, 1970, at which time she had made a 75% recovery since surgery.
At the time of the accident, plaintiff was twenty-three years old. She had been employed as a bar maid, working from five to seven days a week. As a result of her injury, she was unable to work for seven months. She had to wear a back brace for approximately six months. When she returned to work, she could work only three days a week because of her back disability. At the time of the trial (October 26, 1971), some sixteen months after the accident, plaintiff testified that her activities were restricted because of the pain she still suffered in her back.
We agree that the record supports that plaintiff incurred $2,521.21 in medical expenses and lost approximately $2,700.00 income during her seven-month period of total disability. The Court of Appeal projected plaintiff's loss of future wages at $2,500.00. This resulted in a finding of total special damages of $7,721.21, leaving a balance of approximately $27,000.00 attributed to general damages for pain and suffering and residual disability. The Court of Appeal concluded that the amount awarded for general damages was excessive and constituted an abuse of discretion by the jury. It reduced the amount of general damages to $14,000.00 which resulted in a reduction of the total jury award from $35,000.00 to $21,721.21.
From a review of the record, we find that the evidence reasonably supports the award of general damages by the jury. We conclude that there was no abuse of the "much discretion" vested in the jury when it awarded plaintiff $35,000.00 in damages. Moreover, we have considered the cases cited by defendant to support its contention that the jury award in this case was excessive and conclude that the jury did not abuse or exceed its discretion herein. Hence, the Court of Appeal erred in reducing the award for damages.
For the reasons assigned, the Court of Appeal judgment is amended to increase the award for damages from $21,721.21 to $35,000.00 and, as amended, the judgment is affirmed. All costs are assessed against defendant.