ELLIS, Judge:
On February 7, 1974, Mrs. Emily Dianne Littell was involved in an altercation with Mrs. Violena Wright, as a result of which she suffered certain physical injuries. This suit was brought for damages arising therefrom. Plaintiffs are Mrs. Littell and her husband, Christopher G. Littell. Defendants are Mrs. Wright and her husband, Esau Wright. After trial on the merits, judgment was rendered in favor of plaintiffs for $51.00 special damages and $2,750.00 for the injuries suffered by Mrs. Littell, and defendants have appealed. In this court, defendants’ only complaint is that the award made to Mrs. Littell is excessive.
Plaintiffs’ version of the altercation, which was accepted as true by the trial judge, is as follows: Mrs. Littell was in the girls’ dressing room when Mrs. Wright came in to see her relative to the suspension from school of Reginald Wright, defendants’ son. Mrs. Littell was attempting to leave the dressing room to find the principal when she was attacked by Mrs. Wright, who struck her with her fists, kicked her and pulled her hair. Mrs. Lit-tell’s glasses and a pendant watch were broken. The event was witnessed by a group of young girls who were in the dressing room.
As a result of the attack, Mrs. Littell may have suffered a mild concussion, but there was no physical consequence other than a swelling of her face, and soreness of her nose, side and back. Mrs. Littell went to the emergency room at the Baton Rouge General Hospital, and later saw her own physician. X-rays were made of her face to check for a broken nose, but these proved to be negative. She missed two days at school. A police escort was furnished her for a week. She also began to experience some disciplinary difficulty with the students which she had not had previously.
Away from school, she would no longer go places by herself, was highly nervous, and had difficulty sleeping at night. These difficulties persisted for about a month. Mrs. Littell testified that she became concerned about her career as a teacher. She applied for and received a transfer from the school where she was teaching to another school in the Baton Rouge area.
In assessing the damages, the trial judge stated that he was impressed by the testimony of Mrs. Littell, and believed that she must have suffered embarrassment and fear as a result of the altercation. He also considered the adverse reaction of some of the students to Mrs. Littell after the event, as well as the effect on her of the police escort, which she did not request.
Considering all of the above, we are of the opinion that the award of $2,750.00, although high, is within the bounds of the discretion of the trier of fact. In brief, defendants have cited many cases in which lower awards have been made in similar situations. We have considered these cases, but do not find that defendants have demonstrated an abuse of discretion on the part of the trial judge. See Article 1934(3), Civil Code; and Revon v. American Guarantee & Liability Insurance Company, 296 So.2d 257 (La., 1974) for a review of the jurisprudence in this area.
The judgment appealed from is affirmed, at defendants’ cost.
Affirmed.