BOLIN, Judge.
By this action a 12-year-old girl seeks damages for personal injuries she received while a passenger in an automobile driven by her brother. The brother was driving the family car on a four-lane highway in a residential area within the corporate limits of a municipality when the right front of his car struck the left rear of an unattended vehicle parked on the right side of the road next to the curb in front of a residence. Defendants are the insurer of the automobile in which the girl was riding and the insurer of the parked automobile. In a well-written opinion the lower court found the accident was caused entirely by the negligence of the driver in failing to observe the parked automobile. From judgment awarding the minor $9,000 for her personal injuries plus costs, including the fees of the expert witnesses, the driver’s insurer appeals. Plaintiff answers the appeal seeking an increase in the award. We affirm.
The primary issue is whether the accident was caused solely by the negligence of the *510 driver of the moving car or by the combined negligence of the driver and the owner of the unattended parked vehicle.
The accident occurred during daylight hours. Visibility was good, the road was straight and traffic was light. The driver testified he was traveling about 45 miles an hour when he noticed the parked vehicle which he mistakenly thought was moving. The driver’s attention was momentarily diverted to another car parked in an adjacent driveway. By the time he returned his attention to the road he was unable to avoid striking the parked vehicle. Based upon this evidence the lower court correctly found the driver guilty of negligence which was a proximate cause of his sister’s injuries.
The insurer of the driver’s automobile contends the owner of the parked vehicle was guilty of actionable negligence in leaving the automobile parked and unattended on a highway contrary to Louisiana Revised Statutes 32:141(A), which provides in part:
Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway . . . (Emphasis supplied)
The appellant argues the area where this accident occurred is not a “residence district” as contemplated by the statute, because the houses were not located near the traveled portion of the road. To the contrary, we find the area was a well-developed residential district inside the corporate limits of Bossier City. There were no signs indicating that parking was prohibited in this residential area, nor was parking prohibited by municipal ordinance.
Appellant cites and relies on Odom v. Texas Farm Products Co., 229 So.2d 118 (La.App.2d Cir., 1969). Odom is factually distinguishable from this case. There the accident occurred in an area found to be “semi-residential”. There were other distinguishing facts which it is not necessary for us to recite.
The insurer contends the award of $9,000 for personal injuries was excessive, while the injured party claims it was inadequate. The young girl received painful injuries which were temporary in nature. She remained in the hospital only four days. Because of injuries to a knee some of her physical activities were limited for several months. The only residual injury is a three-inch scar on her knee which will undoubtedly cause her some humiliation.
On the question of quantum our review is limited to determining whether the trial judge abused his discretion. Louisiana Civil Code Article 1934(3); Revon v. American Guarantee & Liability Insurance Co., 296 So.2d 257 (La.1974). We find the lower court did not abuse its discretion in fixing the award for the personal injuries or the fees of the experts.
The judgment is affirmed at appellant’s cost.