PONDER, Judge.
This is a tort claim for personal injuries arising from an automobile collision in Baton Rouge on April 6, 1973. The defendants, Lawrence J. Acosta, McCarty Corporation, Trade Rite and Associates and Employers Commercial Union Companies admitted liability. The trial court awarded plaintiff, Carolyn H. Howard, $6,000.00. Both plaintiff and the défendants have appealed.
The sole issue before the court is quantum. We affirm.
On October 27, 1972, while employed as a nurse, plaintiff suffered a work related accident with injury to her lower back. She was treated by Drs. Miceli and Loupe, the latter an orthopedist. Dr. Loupe gave his opinion that she had sustained a severe lumbosacral strain with possibility of inter-vertebral disc injury. She was hospitalized for almost a month, undergoing conservative treatment. However, in December he advised her that she would be allowed to return to work when she regained enough strength and endurance. She testified she worked a few days in January but could not work every day because of pain and cramps. She did not work in February, and worked only four days in March.
On April 6, 1973, Mrs. Howard was involved in the accident giving rise to this case, a collision in which Mr. Acosta collided lightly with the rear end of plaintiff’s vehicle. After the accident, plaintiff drove her car from Baton Rouge, where the accident occurred, to St. Francisville. On the way, she stopped at the West Feliciana Parish Hospital where she was examined by Dr. Miceli, who took x-rays, and gave her something for pain and a muscle relaxant. At that time, she complained of pain in her right shoulder.
She was seen by Dr. Miceli on April 20, 1973, and August 20, 1973. At the August visit, she was complaining of increased pain in her left leg, and pain in the right shoulder, radiating into her right arm. During the period from April to August, plaintiff worked six days in April, four days in May, nine days in June, seven days in July and 13 days in August, a better work record than she had prior to the accident.
However, because of her complaints of increased pain, Dr. Miceli referred plaintiff to Dr. Dean Moore, a neurosurgeon. She gave Dr. Moore a history of both the November and April accidents, and told him that her back and leg pain were essentially unchanged after the April accident. Dr. Moore performed a myelogram, which demonstrated a ruptured disc on the left side. In September, 1973, he performed surgery, at which time he found a bilateral rupture in the L4-L5 disc. After this operation, plaintiff no longer complained of any neck or shoulder pain, although there was no physiological connection between the two conditions. Because the complaints of back and leg pain continued thereafter, a second myelogram and a second operation were performed. A large herniation on the right side of the L3-L4 disc was found, and the disc removed.
It is plaintiff’s position that the April accident aggravated her low back complaints, and necessitated the subsequent surgery. Defendants argue that the only injury attributable to the April accident was a cervical strain which resulted in the *1031 shoulder pain complained of by plaintiff. Dr. Moore was of the opinion that plaintiff’s low back problems were unrelated to the April accident.
The trial judge found that Mrs. Howard suffered no injury in the April accident except the cervical strain, and that she was entitled to recover for pain and suffering caused thereby from April 6,1973, until the surgery was performed in September, 1973, after which she had no neck complaints. He awarded her $6,000.00 for this item. Apparently, no medical expenses were awarded because these had all been paid by the workmen’s compensation insurer of the West Feliciana Parish Hospital, where she was employed at the time of the November accident. We also note that all property damages had been paid by defendants prior to trial.
We find no manifest error in the conclusion of the trial judge that plaintiff suffered only a cervical sprain in the April accident, and that her low back condition was not aggravated thereby.
However, considering the statements of the Supreme Court in Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976), that, “. . . the record must clearly reveal that the trier of fact abused its discretion in making its award”, and that “. . . [o]nly after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award,” and that court’s approval of awards double or triple any previous awards, or even more, we cannot affirmatively find that the award is outside the bounds of the great discretion now accorded trial courts in fixing damages. See Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La. 1974); Bitoun v. Landry, 302 So.2d 278 (La. 1974); Spillers v. Montgomery Ward & Co., 294 So.2d 803 (La.1976); Boutte v. Hargrove, 290 So.2d 319 (La.1974); Walker v. Champion, 288 So.2d 44 (La.1974).
We are heeding the Supreme Court’s warning against finding similarity between cases by “gleaning the facts of the compa-rabie decision from simply a written opinion of an appellate tribunal;” its pointing to changes in economic conditions (particularly rampant inflation), fluctuating job categories, employment opportunities and even lifestyles;” and its pointed reference to the impossibility of an appellate court’s judging what evidence in a particular case was given special weight by the finder of fact.
The judgment appealed from is therefore affirmed. Costs of this appeal shall be borne equally by plaintiff and defendants, with all other costs to be paid by defendants.
AFFIRMED.