JACHARLES R. JONES, Judge.
This appeal arises out of a personal injury claim filed by PlaintifPAppellee, Leonard Duroncelet against Patrick McLendon, Mr. B Services, Inc., American Central Insurance Company, Commodore Wilson, American International Insurance Company and Allstate Insurance Company. After a judge trial, Mr. McLendon was assessed with 100% liability for the accident. Appellants, Mr. B’s Services, Inc. and American Central Insurance Company seek reversal of the district court’s judgment. We affirm.
On December 7, 1999, Mr. Duroncelet, 64 years old at the time, was operating his 1977 Chevrolet Impala heading west on South Claiborne Avenue. He came upon a 1982 Mercedes Benz owned and operated by Mr. Wilson whose automobile was stopped and stalled on South Claiborne Avenue facing the same direction of travel. Mr. Duroncelet brought his vehicle to a complete stop behind Mr. Wilson’s stalled vehicle and was then rear ended by a 1997 Ford F-150 owned by Mr. B’s Services, Inc. and operated by Mr. McLendon. Mr. Duroncelet’s car was a total loss. Mr. Duroncelet was immediately taken to the emergency room at Touro Hospital and suffered injuries as a result of the accident.
li>Mr. Duroncelet filed in Civil District Court for the Parish of Orleans a personal injury claim. The suit named the following as defendants: Mr. McLendon, Mr. B’s Services, American Central Insurance, Mr. Wilson, American International Insurance (Mr. Wilson’s insurance provider), and Allstate (Mr. Duroncelet’s insurance provider, for property damages). American International cross-claimed Mr. McLendon, Mr. *1171 B’s Services and American Central for property damage payments and medical payments to Mr. Duroncelet.
Allstate also filed a cross-claim against American Central, Mr. B’s and Mr. McLendon alleging conventional subrogation for payments made to Mr. Duroncelet.
A judge trial was held June 14, 2000 and judgment was rendered on August 22, 2000 dismissing the cross-claims of American International and Allstate. The court further found that Mr. McLendon was 100% at fault and awarded Mr. Duroncelet the following: general damages, $150,000; past medical expense $5,991.91; past and future lost wages $60,000 and future medical expenses of $5,000.
Appellants, Mr. B’s Services, Inc. (hereinafter “Mr. B’s”) and American Central Insurance Company seek reversal of the district court’s judgment arguing that the district court erred in rendering a judgment against Mr. McLendon. They further argue that the district court was erroneous in finding Mr. McLendon 100% at fault and that the damages awarded to Mr. Duroncelet were excessive.
Mr. B’s and American Central Insurance Company contend that Mr. McLendon was never served with a trial subpoena, was not present for trial, and that no appearance was made on his behalf. Mr. B’s and American Central Insurance Company therefore argue that the district court was in err in even ^rendering a judgment against Mr. McLendon, relying on La. C.C.P. art. 2002(A)(2) which states, “A final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken”.
However, the record indicates that counsel for Mr. B’s and American Central Insurance Company, counsel for Mr. Wilson and American International, counsel for Allstate and counsel for Mr. Duroncelet each stipulated that Mr. McLendon had recently been served with the petition, he had not answered and that he was indeed insured by American Central Insurance Company and an employee of Mr. B’s. There was no objection made by any of the parties as to Mr. McLendon’s absence and proceeding to trial. Now, on appeal Mr. B’s and American Central Insurance Company want to contest the judgment of the district court because Mr. McLendon was not present. Furthermore, the record contains a Deposition Service Request filed in the Civil District Court for the Parish of Orleans on December 13, 1999 with a sheriffs stamp indicating that personal service upon Mr. McLendon was effectuated on January 4, 2000 at his home in Harvey, Louisiana. Although the service of a deposition testimony request does not constitute service of process under La. C.C.P. art. 2002(A)(2), it does indicate that Mr. McLendon was put on notice that there was a legal matter pending and that he made no effort to inquire about the matter. We find this argument is without merit.
Mr. B’s and American Central Insurance Company further contend that when Mr. Wilson began to experience mechanical problems with his automobile that he had a duty to remove the vehicle from the lane of travel he occupied, |4especially since he was aware his vehicle was having trouble upon turning off of Poydras Street onto the on ramp at South Claiborne Avenue. Mr. B’s and American Central Insurance Company LSA-R.S. 32-141, arguing that this statute prohibited Mr. Wilson from stopping on a main traveled part of the highway, when it was practicable for him to move his vehicle to the side of the road. LSA-R.S. 32-141(A) and (B), Stop *1172 ping, standing, or parking outside business or residence districts, states:
A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic. (emphasis added)
Mr. Duroncelet argues that it was literally impossible for Mr. Wilson to pull off of the South Claiborne ramp because he was traveling in the left lane and there was no shoulder on the left side. Therefore, Mr. Duroncelet argues Mr. Wilson would have had to cross at least two lanes of oncoming traffic to pull to the right hand side of the road, which would have been reckless endangerment to himself and others.
Although Mr. B’s and American Central Insurance Company LSA-R.S. 32:141(A), section (B) does not support their argument. The statute clearly | ¡¡indicates that the provisions do not apply to a disabled vehicle if it is impossible to avoid stopping on the main traveled portion of the highway. Mr. B’s and American Central Insurance Company orally argued that Mr. Duroncelet could have pulled his car out of the lane of travel further to the left side of the road. They supported this reasoning by insisting that since Mr. Wilson’s vehicle (once rear-ended by Mr. McLendon) was sandwiched in between the left rail and Mr. Duroncelet’s automobile there was initially enough room for Mr. Duroncelet to pull his car over in that direction prior to the impact. However, we reject this argument by recognizing that the impact of an automobile collision may be so severe as to alter the original positions of the vehicles involved in the collision.
The district court was well within its discretion to analyze the testimony of the witnesses and determine that Mr. Wilson did not have an option under LSA-R.S. 32:141 to move his car out of harms way. It is not outrageous to suggest that had Mr. Duroncelet been able to stop timely, perhaps Mr. McLendon was traveling too close, too fast or preoccupied while driving. The case law is clear, Mr. McLendon had the duty to focus his attention to the front to see what was in his path, what might be entering his path or about to enter his path. Mutart v. Allstate, 622 So.2d 803 (La.App. 4 Cir.1993); Arceneaux v. Wallis, 654 So.2d 1117 (La.App. 4 Cir.1995). We conclude that Mr. McLendon was the sole, proximate cause of the collision and that the district court did not err in assessing him with 100% fault.
According to the record, as a result of the accident, Mr. Duroncelet sustained a herniated lumbar disk, an acute severe cervical strain and other minor injuries. Both parties rely on the submitted oral depositions of Dr. Daniel Seltzer and Dr. David Aiken, the written report of Dr. Melville Wolfson and numerous medical bills and notes to support their arguments related to the damages awarded to Mr. LDuroncelet by the district court. In de *1173 ciding whether the trial court awarded excessive damages, the inquiry is whether the trial court’s award for the particular injuries and their effects in the particular person/plaintiff is a clear abuse of discretion of the trier of fact. Reck v. Stevens, 373 So.2d 498 (La.1979).
Mr. B’s and American Central Insurance Company contend that Mr. Du-roncelet’s medical examinations indicate little or no spasms in his back to justify $150,000 in general damages. They further argue that there was no medical evidence or testimony that would indicate that he was not capable of returning to work within the treating doctor’s restrictions and therefore there should have been no award for future lost wages. Lastly, Mr. B’s and American Central Insurance Company contend that the future medical expenses awarded to Mr. Duroneelet is not supported by the record because Dr. Seltzer testified that his condition had stabilized. There is no mechanical rule for determining general damages, and facts and circumstances of each case must control. Boudreau v. Farmer, 604 So.2d 641 (La.App. 1 Cir. 6/29/92).
Mr. Duroneelet responds to Mr. B’s and American Central Insurance Company’s arguments by relying on the written medical records that support the numerous times he was treated by Dr. Seltzer who concluded that it would be difficult for Mr. Duroneelet to return to work as a caterer. Further, the doctor noted, considering Mr. Duroncelet’s age, surgery was not recommended. According to LSA C.C. Art. 2324.1, damages are left to the discretion of the judge or jury. In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. The court also found in Boutte v. Hargrove, 290 So.2d 319, 322 (La.1974), that recompense for pain and suffering cannot be calculated with precision.
|7After review of the record including the evidence of Mr. Duroncelet’s inability to lift heavy items, such as eases of beer for the catering company where he worked, we find the calculation of damages by the district court was not an abuse of discretion. We further find that Mr. Du-roncelet’s award for future medical expenses in the amount of $5,000 is reasonable. We base this determination upon Dr. Seltzer’s testimony that Mr. Duroncel-et will have to continue his medical visits and that the district court considered the costs of future visits and the forthcoming costs of medication in its calculation for these damages.
Dr. Wolfson estimated that Mr. Duron-celet would earn approximately $10,712 during his remaining life expectancy, which he then calculated at a discount rate of 6.875%. He further added $51,332 representing Mr. Duroncelet’s post-trial loss of income. Dr. Wolfson’s report also calculated that Mr. Duroneelet is entitled to an additional $18,835 for the present value of the loss of personal services such as home maintenance, car maintenance, gardening, grocery shopping and transportation. He calculated these personal services at a rate of 20 hours per week valued at $6.36 per hour until the age of 70. Dr. Wolfson’s testimony corroborates with Boudreaux v. Farmer, 604 So.2d 641 (La.App. 1 Cir. 6/29/92), where an award for loss of future income or earning capacity is not predicated merely upon the difference between plaintiffs earnings before and after disabling injury, but also encompasses loss of one’s earning potential or capacity.
Decree
After review of the record and for the reasons stated herein, we affirm the judgment of the district court finding Mr. McLendon 100% liable for Mr. Duroncel- *1174 et’s injuries. We further find that the damages awarded to Mr. Duroncelet |swere not excessive and that there was no abuse of discretion by the district court in its calculations.

AFFIRMED.