LOTTINGER, Judge.
This is a suit for review of a workmen’s compensation judgment under the authority of LSA-R.S. 23:1331. The original plaintiff, Louis Ike, Sr., was adjudged on December 3, 1966, to be totally and permanently disabled. This matter came before this Court at that time on the merits and is reported at 205 So.2d 203, wherein a complete discussion of the facts is had. From a judgment in favor of plaintiff in rule, and against defendant in rule, Louis Ike, Sr., the defendant in rule has perfected this appeal.
Very briefly, and without a complete recitation of the facts, Louis Ike, Sr., a laborer, sustained a low back injury and ruptured himself in November of 1965 when he slipped and fell while pushing a loaded wheelbarrow. His injury was diagnosed by the physicians and concluded by the Trial Court to be a chronic lumbo-sacral strain. The instant proceeding was filed on September 9, 1969, alleging that the original plaintiff was no longer suffering from this back condition.
Dr. William Smith, an orthopedic surgeon, examined Mr. Ike on July 29, 1969, and his findings are as follows:
“Q. Now, Doctor, insofar as Mr. Ike’s ability to function as a laborer as of the time of your examination, would you give us your conclusion in that regard?
“A. I felt that this individual would have experienced some difficulty in performing the usual duties of a heavy manual laborer which would require activities involving repetitive bending and/or heavy lifting using the lower back structures.
“Q. And what did you base this on? What condition did he suffer from on which you based this?
“A. I based this on the amount of hy-pertrobic arthritis found in the lumbosacral spine, but it was again my opinion that this was probably not caused by the accident of November 1965.
“Q. Doctor, if I might briefly summarize. As I understand your testimony from your examination of Mr. Ike in July of 1969, and from *734 your review of the prior X-rays you feel that Mr. Ike presently is unable to perform labor duties but this is because of the arthritic condition of the back, it that correct?
“A. That is correct.
“Q. And you feel that this arthritic condition of the back has not substantially increased since 1966 anyway, is that correct?
“A. That is correct.
“Q. And you feel that this arthritic condition of the back that you found is a result of the normal aging process and is not a result of trauma ?
“A. That is correct.”
Dr. Howard Hansen, a specialist m internal medicine with a modified general practice, testified as follows:
“Well, I think that he most likely had a chronic — well, he had a chronic low back disorder, but it was my impression that it was most likely due to a ruptured or degenerative disc disease and, however, that could not be confirmed by physical examination alone and I didn’t send him for X-ray or myelogram examinations because he said he had had many examinations during the past year at various places.”
The Trial Court concluded that the injury to Mr. Ike’s back had subsided and his disability was now connected to his arthritic changes in his back, which the orthopedic surgeon testified were not attributable to the accident, and therefore, his disability as presently constituted was not attributable to the accident. With this conclusion we agree. We feel that the Trial Court was proper in favoring the testimony of the orthopedic surgeon over that of the specialist in internal medicine with a modified general practice. It is well settled in our jurisprudence that the testimony of the specialist as to matters which fall within his field is entitled to greater weight than that of a general practitioner. Allen v. Coal Operators Casualty Company, 124 So.2d 344 (La.App. 3rd Cir., 1960). Though Dr. Hansen may be a specialist in internal medicine, he has qualified his specialty by stating that he has a modified general practice.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant, Louis Ike, Sr.
Judgment affirmed.