FRUGÉ, Judge.
This is an action ex delicto arising from an intersectional collison of an automobile owned and driven by Cleveland Anderson with an automobile driven by Joseph T. Guillory and owned by his father, Clarence Guillory, the defendant’s insured. The trial court awarded Cleveland Anderson $1,500.-00; Edmonia Anderson $1,200.00; and Verna Mae Tezeno $1,000.00. Hurley Tezeno’s demand for special damages was not mentioned in the trial court’s judgment; and, therefore, must be considered as having been rejected. The plaintiffs appealed from the judgment requesting an increase in the awards to Cleveland Anderson, Edmonia Anderson and Verna Mae Tezeno; and that Hurley Tezeno be awarded $637.60 in special damages. The defendant answered the appeal, requesting a reduction of the trial court’s award to each of the three plaintiffs.
The accident in question occurred when the Guillory vehicle ran a red light and was struck on the left rear by the Anderson vehicle. The defendant concedes liability, and the only issue presented on this appeal is that of quantum.
The trial court did not favor us with written reasons for judgment, nor did it indicate what portion of the awards to the plaintiffs was for special or general damages, respectively. We must assume that the trial court’s findings of fact are those justified by the evidence adduced at the trial that conform to its decision. Karisny v. Sunshine Biscuits, Inc., 215 So.2d 201 (La.App.3rd Cir. 1968).
Furthermore, we must assume that the award to Cleveland Anderson included special damages incurred by him in the treatment of himself and his wife, Edmonia. The awards to Edmonia Anderson and Verna Mae Tezeno must have been for general damages since that is all they could and did sue for.
The record shows that there was substantial contact between the two vehicles, yet the impact was fairly moderate due to the glancing nature of the collison. None of the parties received nor requested medical attention on the night of the accident. On the following day Cleveland and Edmonia Anderson were examined at the Lafayette Charity Hospital but were not hospitalized. On November 4, 1968, the Andersons and Verna Mae Tezeno entered the Dr. R. E. Dupre Hospital and Clinic in Ville Platte, Louisiana, where they remained for seventeen days. During their stay in the Dupre Hospital and Clinic, the Andersons and Mrs. Tezeno were treated by Dr. R. E. Du-pre. Dr. Dupre was of the opinion that both the Andersons and Mrs. Tezeno sustained substantial injuries. He diagnosed *362 Cleveland Anderson’s injuries as a lumbosa-cral sprain with generalized aches and pains. He felt that Mrs. Anderson also suffered from a lumbosacral strain. Dr. Dupre was of the opinion that Mrs. Tezeno suffered from a sprain of the right wrist, contusions of the right hand, muscle strains of the neck and shoulder and a possible lumbosacral strain.
During their entire stay in the Dr. R. E. Dupre Hospital and Clinic, the plaintiffs were given no braces, supports or therapeutic exercises to alleviate their conditions. Their treatment consisted of various drugs of a sedative or analgesic nature. Dr. Du-pre noted some bruises and contusions when plaintiffs were first admitted, but all Xrays were negative.
Dr. Dupre’s records, which he brought up to date the night before he testified, indicated that plaintiffs had no difficulties such as sleeplessness, acute pain or other problems significant enough to be noted by the attending nurses.
Dr. C. W. Lowrey of Alexandria examined the plaintiffs approximately three months after the accident. He found no objective signs of injury to the plaintiffs, and he felt that as of that time plaintiffs had completely recovered from any injuries which they may have sustained in the accident of November 1, 1968. Dr. Lowrey’s testimony showed that all three of the plaintiffs were obviously exaggerating their complaints; and, suffice it to say, at times their efforts to do so bordered on the comical.
 In awarding general damages the trial court is vested with much discretion. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). In view of the conflicting medical testimony, the trial court was justified in making awards of $1,500.00 to Cleveland Anderson; $1,200.00 to Edmonia Anderson; and $1,000.00 to Verna Mae Te-zeno.
However, the trial court was inconsistent in denying Hurley Tezeno’s claims for medical expenses incurred by the community for treatment of his wife, Verna Mae Tezeno, while at the same time awarding her $1,000.00 for personal injuries. Perhaps the trial court intended the $1,-000.00 award to Mrs. Tezeno to include whatever special damages the community was entitled to be awarded. In any event, the trial court erred in denying Hurley Tezeno’s claim for medical expenses incurred for treatment his wife received in connection with injuries caused by the accident.
The record shows that Mrs. Tezeno entered the Dr. R. E. Dupre Hospital & Clinic on November 4, 1968, three days after the accident occurred. She was given a thorough examination, including Xrays, which were negative. While hospitalized she was given mild sedatives, analgesics, and medication relating to pregnancy. As indicated earlier, there was no special therapy such as exercises or the use of special equipment or braces. The primary advantages of her being hospitalized were that it provided her with an opportunity to rest and made it convenient for her to take medicine. Under these circumstances, we think that the defendant should be liable for hospitalization expenses incurred by Mrs. Tezeno from November 4, 1968, through November 8, 1968. The amount of these expenses, as reflected by Exhibit P-9, is $145.70. In addition, Mr. Tezeno is entitled to expenses for medications received by Mrs. Tezeno through January 9, 1969, the date Dr. Lowrey examined her, in the amount of $109.80. Therefore, Hurley Tezeno is entitled to a total of $255.50 for medical expenses to the community incurred in connection with the injuries to Mrs. Tezeno.
Accordingly, the judgment of the trial court is reversed insofar as it rejected the demands of Hurley Tezeno for special damages; and judgment is hereby rendered in his favor against the defendant, State Farm Mutual Automobile Insurance Company, in *363 the amount of $255.50. In all other respects, the judgment of the trial court is affirmed at defendant-appellee’s cost.
Affirmed in part, reversed in part.