FLEMING, Judge.
On February 20, 1970, Milton W. Zeche-nelly was involved in an automobile accident when a pickup truck driven by an employee of Quality Reconditioning Service, Inc., struck the Zechenelly vehicle from the rear when it was stopped at a traffic signal. Mr. Zechenelly was injured in this accident and apparently realizing that he needed medical attention drove from New Orleans to his home in Slidell. He was admitted to the hospital at Slidell and stayed there for about five weeks when he was transferred to Touro Infirmary. While in the Slidell hospital he was placed in pelvic traction and treated with muscle relaxants and diathermy.
He sued Quality Reconditioning Service, Inc., and its insurer, the Employers Mutual Liability Insurance Company of Wisconsin, on February 17, 1971. The defendants admitted liability and coverage and the only issue in the case is that of quantum. On April 10, 1972, the trial court rendered judgment in the amount of *896 $16,526.97, which was composed of general damages of $7,500.00 and special damages of $9,026.97. Included in the special damages were loss of wages of $3,893.28.
From that judgment Zechenelly has appealed, claiming that the award for general damages is inadequate.
Mr. Zechenelly was treated primarily by Dr. John E. Ball who identified himself as his personal physician and by Dr. James T. Williams, an orthopedic specialist, and others. It was Dr. Ball’s opinion that Mr. Zechenelly had a traumatic injury to the nerve roots which gave him difficulty in climbing, stooping and walking and in sleeping which required, and still required, treatment to the day of trial. Mr. Zechenelly complains of much pain at his employment as a hydraulic mechanic which requires stooping, bending and lifting. He also has had to curtail his hunting and fishing activities because he cannot walk long distances or sit still for a long time. He is corroborated in this by lay witnesses.
Dr. Williams performed a lumbar myelo-gram on Mr. Zechenelly and ruled out a disc injury but did diagnose sciatic neuritis. He felt at the time of the trial that this sciatic neuritis had cleared up and that Mr. Zechenelly was suffering from myo-fascitis which was not related to the accident. Other physicians who examined Mr. Zechenelly thought that his complaints were exaggerated and could not conclude with certainty that they were related to the accident sued upon.
The district court awarded $7,500.-00 for the pain and suffering of Mr. Zechenelly and apparently favored the testimony of Dr. Williams over the treating physician. This is in accord with our jurisprudence as expresed in the case of Ike v. Home Indemnity Co., La.App., 239 So.2d 732 (1970), wherein the Third Circuit stated:
* * * “We feel that the Trial Court was proper in favoring the testimony of the orthopedic surgeon over that of the specialist in internal medicine with a modified general practice. It is well settled in our jurisprudence that the testimony of the specialist as to matters which fall within his field is entitled to greater weight than that of a general practitioner.”
It is an elementary rule of law that there is much discretion on the part of the trial judge in awarding general damages for personal injury. It is likewise established in our jurisprudence that the trial court’s award is not to be disturbed absent a finding of abuse of discretion on the part of the trier of fact, Anderson v. State Farm Mutual Automobile Ins. Co., La.App., 238 So.2d 360 (1970); Hyatt v. Hartford Accident and Indemnity Company, La.App., 225 So.2d 102 (1969); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). We find no such abuse of discretion on the part of the lower court in this case.
For the foregoing reasons the judgment of the lower court is affirmed. Costs of this appeal are to be borne by plaintiff-appellant.
Affirmed.