304 So.2d 351 (1974)
Henry W. ANDERSON, Plaintiff-Appellee-Relator,
v.
WELDING TESTING LABORATORY, INC., et al., Defendants-Appellants-Respondents.
No. 54963.
Supreme Court of Louisiana.
December 2, 1974.
*352 W. Luther Wilson, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendants-respondents.
Mary Olive Pierson, McKernan, Beychok, Cooper, Screen & Pierson, Baton Rouge, for plaintiff-applicant.
TATE, Justice.
The court of appeal reduced from $25,000 to $10,000 an award by the trial court to the plaintiff of general damages. 294 So.2d 298 (1974). We granted certiorari, La., 299 So.2d 351 (1974), to review whether this reduction was an unwarranted interference with the great discretion accorded the trier of fact in the award of such damages. Civil Code Article 1934(3).
The plaintiff, a 57-year-old welder, suffered permanently disabling injuries as the result of the defendant tortfeasor's negligence. The latter's employee left a radio-active pill at the plaintiff's premises, which the plaintiff picked up, handled, and kept for several days in order to return it to the tortfeasor. As a result, his right hand suffered radiation burns, which comprise the basis of this claim for personal injuries.
The trier of fact is granted much discretion in the award of general damages, i. e., those which may not be fixed with any degree of pecuniary exactitude but which, instead, involve mental or physical pain or suffering, inconvenience, the loss of gratification of intellectual or physical enjoyment, or other losses of life or life-style which cannot really be measured definitively in terms of money. Civil Code Article 1934(3) and the decisions to be cited below.
Our jurisprudence has established certain principles of review of such awards by the appellate courts, in their performance of the fact-review function assigned to them by the Louisiana constitution. La. Const. Art. VII, Sections 10, 29 (1921, as amended in 1958). These principles, as extensively summarized recently in Revon v. American Guarantee & Liability Ins. Co., 296 So.2d 257 (La.1974), include:
The appellate review of awards for general damages is limited to determining whether the trial court abused its great discretion. The adequacy or inadequacy of an award should be determined on the basis of the facts and circumstances peculiar to the case under review, having in regard also that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony, including that of residual pain. The awards made in other cases provide no scale of uniformity; their use is limited to serving as an aid to determine, if the present award is greatly dis-proportionate to similar awards (if truly similar), whether an issue of abuse of discretion may exist in the present case. In any event, an abuse of trial-court discretion must be clearly demonstrated by the record before an appellate court will tamper with an award of general damages.
See: Bitoun v. Landry, 302 So.2d 278 (La.1974, docket number 54,634); Revon v. American Guarantee & Liability Ins. Co., 296 So.2d 257 (La.1974); Spillers v. Montgomery Ward & Co., 294 So.2d 803 (La. 1974); Boutte v. Hargrove, 290 So.2d 319 (La.1974); Fox v. State Farm Mutual Automobile Ins. Co., 288 So.2d 42 (La. 1973); Walker v. Champion, 288 So.2d 44 (La.1973); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lomenick v. Schoeffler, *353 250 La. 959, 200 So.2d 127 (1967); and Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
In the present case, in reducing the trial court's award from $25,000 to $10,000, the intermediate court accepted the findings that the plaintiff had suffered a 50% loss of function in the right hand, that he could no longer climb or perform other duties of his former occupation of welding, and that the plaintiff's right hand had a permanent intolerance to cold or heat. However, the court of appeal felt that the possibility of cancer and of future progression of the disability was reasonably remote, that the plaintiff's real fears of same were groundless, and that, despite the inability to work as a welder, the plaintiff could perform other work and receive earnings equal to those he could earn at welding.
In awarding the greater amount, unlike the appellate court, the trial judge had taken into consideration the permanent swelling and discomfort in the hand which had suffered radiation burns, the anxiety and mental anguish (the possibility of cancer, etc.) to be suffered by the plaintiff because of the undoubted "fairly large exposure" to radioactive materials suffered by the plaintiff (with the frequency and duration of contact with the radioactive matter not definitely ascertainable, see Tr. 15-16, Riordan deposition), and the change of occupation forced on the plaintiff by the tort-caused disability. The trial court also gave greater weight than, apparently, did the appellate court to the opinion of a radiologist that a potential cause of the continued swelling in the affected hand years after the accident was a radiation-injury affecting the lymphatics.
As stated by the trial court, at the trial, five years after the accident, "* * * plaintiff [still] could not close his right hand or extend it entirely. This hand was still swollen. Plaintiff testified he could only grip with his last two fingers and that sometimes his hand would become so sore he could not sleep and on numerous occasions his hand got numb and very painful. He has quit welding and now does fitting only because he cannot climb nor hold heavy objects. He feels that the middle finger has become more and more dead. He indicated he has missed some work because the union gets more calls for welders than fitters.
"This type of injury produces a great deal of anxiety and mental anguish. Fortunately, radiation burns are rare but this fact tends to increase anxiety because so little is known about the ultimate long-term effects of radiation burns. Dr. Riordan felt that ulceration of the fingers and hand could occur as long as twenty to thirty years after the injury. Also it is possible that cancer might result, but this, in Dr. Riordan's opinion, was not too probable because plaintiff did not have multiple repeated exposure."
Under the circumstances demonstrated by this record, we can find no abuse of discretion in the trial court's award of $25,000 for the injuries sustained by the plaintiff.
We find, for instance, no warrant for the intermediate court to disregard as noncompensable the fear with which the plaintiff lives every day that the condition in his hand might start spreading and he might have to lose his fingers. See Tr. 51. While to a scientist in his ivory tower the possibility of cancerous growth may be so minimal as to be untroubling, we are not prepared to hold that the trier of fact erred in finding compensable this real possibility to this worrying workman, faced every minute of his life with a disabled and sometimes painful hand to remind him of his fear.
Likewise, the court of appeal erred in accepting the specialist's suggestion that the apparently permanent swollen condition of the hand was due to disuse and disregarding the other specialist's opinion, accepted by the trial court, of the *354 potential of lymphatic damage (and, in either case, in its regarding as noncompensable what is in fact a non-feigned, and non-willed residual of the accident). See Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347 (La.1974).[1]
Again, the court of appeal seemed to regard as noncompensable the injured plaintiff's loss of his occupation as welder, simply because he had earned as much working as a pipefitter. However, the tortfeasor may be liable not only for monetary losses due to tort-caused disability, but also for general damages for a disability which prevents the injured victim from earning a living in the field of his experience and enjoyment or which otherwise limits the fields of opportunity or activity open to him. See, e. g., Hidalgo v. Dupuy, 122 So.2d 639, 646-647 (La.App. 1st Cir. 1960), certiorari denied.
If only for these reasons, no abuse of discretion by the trier of fact is demonstrated which would justify an appellate reduction of the damages awarded. As we recently stated in Bitoun v. Landry, 302 So.2d 278 (Docket No. 54,634, decided October 28, 1974); "* * * The question is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. That such evidence might also support a greater (or smaller) award will not justify a change in the amount by the appellate court. Only when the trial court abuses its broad discretion should the award be adjusted, either up or down."
For the reasons assigned, therefore, the judgment of the court of appeal is reversed, and the judgment of the district court is reinstated; the defendants-respondents are cast with all costs of the trial and appellate courts.
Court of Appeal judgment reversed and trial court judgment reinstated.
NOTES
[1] The determination of causation may be a factual finding rather than an award of general damages under Article 1934, see Dinvaut v. Phoenix of Hartford Insurance Co., 302 So.2d 294 (La., decided October 28, 1974), but, if so, it still should not be set aside, under the manifest-error principle, if there is a reasonable basis for the finding under reasonable trial-court evaluation of the evidence and reasonable inferences therefrom. Gradney v. Vancouver Plywood Co., Inc., 299 So. 2d 347 (La.1974).