MILLER, Judge.
Plaintiffs Mr. and Mrs. Euell Foreman appeal seeking an increase in the $6,500 awarded as general damages resulting when Mrs. Foreman’s automobile was rear-ended. Defendants Mrs. Winona Dela-houssaye and her insurer Hanover Insurance Company answered the appeal seeking a reversal and alternatively a reduction in the award. We affirm.
This is Mrs. Foreman’s fifth law suit in which she received almost identical injuries resulting from five rear-end collisions. She testified that she recovered from the prior accidents immediately after settling each of the four claims.
The fifth accident occurred on May 11, 1972 as she was departing the South College Shopping Center in Lafayette. She was using the exit which crosses Johnson Street and feeds traffic to Bertrand Drive and was fourth in a line of cars. Defendant was fifth in line. When the light turned green the lead three vehicles crossed the intersction. Plaintiff followed, then slowed or stopped to allow a waiting vehicle (driven by Anthony Thomas Sonnier who witnessed the accident) to enter ahead of her. She changed her mind and Son-nier maintained his standing position in the parking lot at a 45 degree angle from the line of cars. Plaintiff then moved forward and when the traffic signal changed to caution, plaintiff applied her brakes hard and caused the rear of her automobile to rise. Defendant’s front bumper struck the rear of plaintiff’s car causing $241 in damages to the lead car and none to defendant’s car.
Defendant stopped when plaintiff slowed or stopped to allow Sonnier to enter the line, then defendant started forward to follow plaintiff across the intersection. As she glanced over to see what Sonnier would do, she failed to see plaintiff stop for the caution light. Defendant’s front bumper tapped the rear of plaintiff’s car.
Defendant has failed to establish manifest error in the trial court’s determination that Mrs. Delahoussaye was negligent and Mrs. Foreman was free from negligence.
At the accident scene plaintiff complained that her passenger had been injured, but stated that she did not think she was injured. Plaintiff declined an offer to take her and her guest passenger to a hospital.
Mrs. Foreman’s injuries consisted of a strain to the muscles and ligaments along the left side of her neck, primarily the sternocleidomastoid muscle, and a strain or partial dislocation of the left temporoman-dibular joint in her jaw. There is a possibility that the accident worsened a pre-ex-isting traumatic arthritic condition in her jaw.
Plaintiff argues that the only factor detracting from her claim for a larger award is her prior claims. The trial court had other support for questioning the validity *760 of her complaints. Portions of the medical testimony indicated her injuries were annoying rather than painful. The amount of damage caused by the accident suggests there was no cause for serious injuries. At the accident site, plaintiff did not think she was injured — notwithstanding her experience in this type of accident and injury. Plaintiff was not confined to a hospital. Also relevant is the fact that she recovered from four similar injuries promptly after settling the four law suits.
The trial judge carefully reviewed the expert medical testimony. He saw and heard plaintiff and her “before and after” witnesses as they testified. We find no abuse of the trial court’s broad discretion in fixing the award of general damages. Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974); Bitoun v. Landry, 302 So.2d 278 (La.1974).
The judgment is affirmed at appellant’s cost.
Affirmed.