SCHOTT, Judge.
Defendants have appealed from a judgment in favor of plaintiffs for personal injuries sustained by them in an accident which occurred on March 3, 1973, at Napoleon and South Claiborne Avenues in the City of New Orleans.
Scott was the driver of and Johnson a passenger in a truck owned by their employer, and they were proceeding westerly on South Claiborne Avenue in the left lane adjacent to the neutral ground. As they were about to cross the south-bound lane of Napoleon Avenue defendant Robinson made a left turn from the middle lane of South Claiborne into the south-bound lane of Napoleon Avenue, directly in the path of plaintiff, whereupon a collision occurred.
Defendants do not deny that Robinson was negligent but they charge Scott with contributory negligence, consisting of his indicating that he was going to turn left into Napoleon by means of his turn indicator signal light. Suffice it to say that Scott and Johnson both testified that they were going straight ahead, and there is no basis to disturb the trial court’s determination that Scott was not contributorily negligent.
*452 Defendants take serious issue with the trial court’s awards of $2,000 to Scott and $1,500 to Johnson for their pain and suffering. Their physician Dr. Sam Maca-luso testified that he treated Scott from March 12 until July 3, and Johnson from March 12 until June 22. In the case of Scott he found tenderness, restriction of movement and spasm in the low back on his first examination and this persisted until June 22. In the case of Johnson he found tenderness, restriction of movement and spasm in both the back and neck which persisted until June 22. Both were given diathermy and medication. Defendants make much over evidence that Johnson was in another accident on May 1 and received treatment from another physician for his back between May 4 and May 12, that he did not disclose this to Dr. Macalu-so even though he saw both doctors on the same day on two occasions, and that the records of the employer do not show that plaintiffs missed any work even though they were receiving these diathermy treatments and making these office visits to Dr. Macaluso during working hours.
On the other hand, plaintiffs’ immediate supervisor did verify that the plaintiffs submitted a slip from the doctor recommending that they be put on light duty and he recalls their going to the doctor in the period they were receiving treatments.
Defendants are quarreling primarily with the trial judge’s evaluation of the credibility of the witnesses and the exercise of his discretion in his award of general damages. See Anderson v. Welding and Testing Laboratory, Inc., 304 So.2d 351 (La.1974). Defendants have provided no basis for us to substitute our judgment for that of the trial judge.
Accordingly, the judgment is affirmed at defendants’ costs.
Affirmed.