BOUTALL, Judge.
This is an appeal by plaintiff seeking an increase in quantum from a judgment awarding her $10,000 for personal injuries and damages arising out of a truck-bus collision.
The facts show that plaintiff, Maria Price, was a passenger on a New Orleans Public Service bus on May 25, 1971, when the bus was struck in the right side by a gasoline tank truck owned by Billups Western Petroleum Company. As a result of the collision plaintiff was hurled onto the floor of the bus and wound up on the other side of the bus under a seat, catercorner on her right side. She is not certain whether she was knocked unconscious, but she was certainly dazed, and was taken to Touro Infirmary Emergency Room from the scene of the accident. She received bruises, contusions and hematomas and suffered pain in her back, head, arm and leg on the right side. From the time of the accident down through trial date, Mrs. Price has sought and received treatment from a number of doctors, and had been examined by many more either in consultation with the treat *1245 ing physicians or for evaluation of the injuries on behalf of defendants. Some of her injuries resolved quickly, but the pain in her back required treatment over an extended time, not being resolved until trial time. However, her difficulties with her right arm and hand continued through this period of two years and eleven months, and at trial time her right hand and wrist were still swollen, with a prognosis that she would probably have such swelling the rest of her life.
The record shows that the plaintiff incurred medical expenses for doctors, hospitals, medical appliances and drugs in the amount of $5,700. Additionally, she had been employed as a practical nurse at a salary of $60.00 per week, and had not worked since the time of the accident. The trial judge made an award of $10,000 without specifying any amount for medical bills, lost wages or pain and suffering, nor did he give any reasons for his award. The award in this case comes under the provisions of Louisiana Civil Code Article 1934(3) which provides much discretion must be left to the judge in the assessment of damages.
Plaintiff contends that the award is simply much too small and that the trial judge has abused the discretion granted in that codal article. The Supreme Court of Louisiana has laid down the principles that we must follow in this determination. It is impermissible for us to substitute our opinion for that of the trial judge. To modify the award we must find that the trial judge has abused the much discretion accorded by the codal provision. The adequacy or inadequacy of the award should be determined on the basis of the facts and circumstances peculiar to the case under review, having in regard also that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony, including that of residual pain. Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (La.1971); Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803 (La.1974).
Without specific findings of the trial judge, we are compelled to examine the record on each facet of the issues presented and arrive at a determination after assessment of each.
Of paramount importance to this case is a determination of the extent of the injuries suffered by Mrs. Price. We note that she was taken from the accident scene to the emergency room at Touro Infirmary where she was examined and x-rays were taken of various portions of her body about which she complained. It was discovered that she had no critical problems, and she was discharged with the suggestion that she get bed rest, utilize ice packs, and that she consult her private physician for treatment. On May 27, 1971 she saw Dr. Solomon Wi-noker, who began treating her in the rehabilitation department at Southern Baptist Hospital. She complained of pain in her right arm, low back, both knees and her right ankle. Dr. Winoker’s examination disclosed that she did indeed have injuries to these areas and he undertook her treatment through July 14, 1971. Despite Dr. Winoker’s best efforts she continued to have swelling and pain in her right hand, wrist and ankle, and pain in the back. Finally, on July 14th, 1971 he decided that his treatment was not affording her relief and suggested that she should obtain further consultation and treatment with other doctors.
Mrs. Price then consulted Dr. Alvin E. Johnson who undertook her treatment from July 26,1971 until June 28,1972. Dr. Johnson noted that Mrs. Price was unable to raise her right arm, that she had a swollen right hand, shoulder, arm, ankle, some discoloration in these areas, pain in the lower back and limitation of grip in the right hand. He too determined that she had no fractures or dislocations and could find no course of treatment that seemed to resolve the plaintiff’s condition. He found a number of prominent physical findings, and there was no question in his mind but that the residuals were from a soft tissue injury in the areas involved. The back injury slowly improved itself, but there was no *1246 abatement of the symptoms in the shoulder, arm and hand. He concluded that plaintiff was not capable of working during the course of the treatment because she could not use her right arm or hand, and because of the additional factor of back problems. He referred plaintiff to several specialists during this time. All of the specialists agree that Mrs. Price did suffer the swelling complained of and that there would be some complaints of discomfort and pain referable to her injuries. It should be noted that on one occasion Dr. Gernon Brown, who examined her at defendant’s request, did not find the swelling but a later examination confirmed the swelling. None of these doctors were able to offer a definite basis for Mrs. Price’s continuing swelling and her complaints. Each within his field could not ascertain what caused the continued swelling, but nevertheless it existed in fact. The general consensus was that Mrs. Price had suffered some soft tissue injuries leading to these residuals, and it was admitted that a trauma of the type she suffered, together with the history she related, could result in the findings made.
Dr. Johnson finally concluded that he could not offer to Mrs. Price any hope of successfully resolving her problems, and since she had been in attendance with Dr. Kenneth Vogel, a neurologist, from September 1971, Mrs. Price continued her treatment with Dr. Vogel. He continued to treat her until February 1973, when he caused her to be confined to Mercy Hospital for neurological and cardio-vascular examinations. When Dr. Vogel had first seen Mrs. Price on September 2, 1971 he noted that she had swelling below the right del-toid area, glove hypalgesia to the elbow and hypalgesia of the right foot. He considered that the swellings he noted were possibly caused by lymphadema, the reason for which was unknown, probably caused by trauma. In relation to her back, he concluded that she had suffered an acute lum-bo-sacral strain and degenerative osteo-ar-thritis. He concluded that the accident she suffered had accelerated the onset of the osteo-arthritis making it symptomatic, and he began concentration of treatment in those two areas. He was able to resolve her back injury to the extent that he felt that she could go back to work as a practical nurse or nurse’s aid as of February, 1973, but he could make no recommendation regarding her right arm.
Dr. Vogel also consulted with a number of other specialists, and could not resolve the arm problem. Accordingly, in May of 1973 she began being treated by Dr. W. Hammond Newman, an orthopedist. He found persistent swelling in her right arm all through his course of treatment and referred her to Dr. Alton Ochsner, Jr., a vascular surgeon. These doctors concluded that the swelling probably represented lym-phadema secondary to soft tissue injury with fibrosis in the upper arm. Dr. Newman continued treatments through time of trial, and it is noted that although plaintiff’s symptoms have been relieved somewhat, no solution has been found.
Based upon the medical testimony, we conclude that Mrs. Price was certainly unable to work as of February 1973, and since that time she has suffered some partial disability. She has suffered pain down through the time of trial and the expectation is that she will continue to suffer pain in the future.
Having arrived at this conclusion, we are of the opinion that the damages awarded were insufficient, and are exceeded by the special damages alone. The medical expenses incurred by the plaintiff amount to the sum of $5,700. Additionally, we conclude that plaintiff is entitled to an award for loss of wages in the amount of $6,240.00.
Plaintiff’s occupation was that of a nurse’s aid or practical nurse, and she tended sick patients in their homes, and was so engaged at the time of her injuries. Her duties involved moving the patient in bed, as well as bathing and other chores. She could not do any heavy lifting or manipulation of the patient during the time of her disability, which we consider total, up to the end of February, 1973, with some partial disability thereafter.
*1247 The record discloses that she now can do her work, except that she must be careful in lifting, etc., and that she may have brief episodes in which her right arm will pain her. It is difficult to define with exactness the disability she has suffered since February 1973, because it is related mainly to pain, and the extent of that pain is largely a matter of plaintiff’s complaints of it. It is apparent that she has suffered pain and will continue to do so to some lesser extent. To the award of $11,940 for the special damages noted above, we would add an award of $12,500 for the pain and suffering she has already experienced and will continue to experience in the future.
We conclude that the trial judge has abused his discretion in the award of $10,-000, which we find to be inadequate and increase to $24,440.
Accordingly, the judgment of the trial court is amended and increased from an award of $10,000.00 to an award in favor of plaintiff in the amount of $24,440.00, and as thus amended, the judgment is affirmed. Appellees are assessed costs of this appeal.

AMENDED AND AFFIRMED.