COVINGTON, Judge.
This is a tort claim by husband and wife for personal injuries to the wife and also to their minor child and for property damage sustained by the husband, arising from an automobile accident in Baton Rouge, East Baton Rouge Parish, Louisiana, on January 30, 1975. The defendants named were Oswald J. Owens, the driver of the automobile which was allegedly negligently backed into plaintiff’s parked car, and Owens’ liability insurer, Cumis Insurance Society, Incorporated. State Farm Mutual Automobile Insurance Company, liability insurer of plaintiff, intervened for the medical payments it made under the terms of its policy. Subsequently, plaintiffs amended to plead, alternatively, that David Owens was the driver of the Owens vehicle, with the owner’s consent. At the trial, defendants stipulated to liability and the individual defendant, Owens, was let out of the suit.
The jury awarded Mose L. Lindsay the sum of $605.55 individually, and $100.00 as *1286 adminstrator of the estate of his minor daughter, Denise Lindsay; it also awarded Irma Lindsay, the wife of Mose L. Lindsay the sum of $500.00. The verdict of the jury was made the judgment of the trial court; further, as the result of certain stipulations, the court awarded the intervenor $473.05 as reimbursement of medical payments, said sum to be paid out of the award to Mose L. Lindsay.
The plaintiffs moved for additur or, alternatively, a new trial. Upon denial of the motions, the plaintiffs perfected a devolu-tive appeal. The sole issue before us is quantum. We affirm.
This action involves the alleged cervical strain, or “whiplash,” injuries sustained by Irma Lindsay and Denise Lindsay when the ear driven by David Owens backed into the parked Lindsay automobile, which was occupied by the mother and daughter. The testimony indicates that the damages to the vehicles were slight. There is also evidence that immediately after the collision none of the parties felt that they were injured. About five days after the accident, on February 4, 1975, Mrs. Lindsay went to Dr. James Fontenot. He had treated her previously for cephalgia (headaches) and hypertension. In the instant case, he treated her conservatively, and without hospitalization for cervical strain. The doctor’s prognosis was “good for complete recovery without any permanent residual” disability. By April 21, 1975, his physical examination of Mrs. Lindsay was negative. Dr. Fontenot also saw the daughter, Denise, on the same day that he treated Mrs. Lindsay. He observed mild muscle spasms on the right side of the neck. She was given mild analgesics and muscle relaxants. By March 24, 1975, the examination was negative. On February 7, 1975, she had also complained of low back pain, but her physician testified that “examination of the lumbar area was completely negative.” The last time Dr. Fon-tenot saw Miss Lindsay was on May 9,1975. She had no neck or back complaints; he treated her for bronchitis. Dr. James A. Poche, Jr., testified that he saw Mrs. Lindsay on July 14, 1975, and that she had no physical disability on that date. Dr. John Loupe, an orthopedic surgeon, saw Mrs. Lindsay on May 25, 1976, and August 5, 1976, and concluded that there was no significant orthopedic abnormality. Dr. Loupe was of the opinion that Mrs. Lindsay had no physical disability. There was thus ample evidence to support the jury’s award; it could reasonably conclude that the injuries sustained by the Lindsays were relatively minor strains.
We find no manifest error in the jury’s award. Considering the recent decision of our Supreme Court in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), wherein the Court stated:
“We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence, (case citation omitted)
“Further we believe that, heretofore, courts of appeal have placed too much emphasis on their review of other reported decisions. Certainly no two cases are ever fully alike. And whether two cases are so similar as to produce like quantum judgments is hardly discernible by gleaning the facts of the comparable decision from simply a written opinion of an appellate tribunal. Of course, another factor bearing on this matter is that significant change has been, and is taking place in our society not the least of which are changes in economic conditions (particularly rampant inflation), fluctuating job categories, employment opportunities, and even lifestyles. Furthermore, it is impossible for an appellate court to judge *1287 what evidence in a particular case was given special weight by the finder of fact.”
The Supreme Court also set forth the rule of appellate review as it applies to awards of general damages in the case of Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974), as follows:
“The appellate review of awards for general damages is limited to determining whether the trial court abused its great discretion. The adequacy or inadequacy of an award should be determined on the basis of the facts and circumstances peculiar to the case under review, having in regard also that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony, including that of residual pain. The awards made in other cases provide no scale of uniformity; their use is limited to serving as an aid to determine, if the present award is greatly disproportionate to similar awards (if truly similar), whether an issue of abuse of discretion may exist in the present case. In any event, an abuse of trial-court discretion must be clearly demonstrated by the record before an appellate court will tamper with an award of general damages.”
We have considered the awards made in the instant case in light of the well established rule and find no abuse of the much discretion vested in the jury, the trier of fact; LSA-C.C. art. 1934(3). The awards were within the bounds of the jury’s discretion.
Accordingly, we affirm the judgment at appellants’ cost.
AFFIRMED.