CHIASSON, Judge.
The defendants, Maryland Casualty Company and Marcel J. Rayne, have taken a suspensive appeal from a judgment against them and in favor of plaintiff, Michael X. St. Martin, etc., in the amount of $65,835.00 for personal injuries sustained by plaintiff’s minor son, Steven Paul St. Martin, and for. medical expenses incurred, as a result of dog bites to the head, neck and face of Steven from defendant Rayne’s German Shepard dog.
The facts giving rise to this case are as follows:
On the evening of October 14, 1975, plaintiff’s wife Mrs. Mary Virginia Rayne St. Martin, went to the home of her parents, Mr. and Mrs. Rayne, accompanied by her sons, Michael, Jr., Christopher, and Steven, then ages twelve, seven, and five, respectively, for the purpose of feeding Mr. and Mrs. Rayne’s German Shepard dog, Toby, while they were on vacation. The dog was kept in the yard, enclosed by a four and one-half foot high hurricane fence. The Raynes customarily requested the St. Martins to feed their dog whenever they were away from home and the children usually played with the dog in the yard by making him fetch one of his toys. They had done this on previous occasions in the presence of Mr. Rayne who is their grandfather. Their previous visits had all been without incident and the dog had never displayed dangerous or vicious tendencies. On this occasion, upon arriving at his grandparents’ home, young Steven commenced playing fetch with the dog, as his mother watched from outside the fence. While his older brother Michael, Jr. was inside the house looking for dog food, the dog suddenly and without warning, jumped on Steven, knocked him down, and began to bite him. At that moment Michael, Jr. came from the house into the yard and pushed the dog away. By the time Mrs. St. Martin was able to reach Steven the dog had been successfully repelled by Michael, Jr. Steven suffered severe lacerations about the head, neck and face.
*887 In finding defendants liable the trial court followed the rule of Holland v. Buckley, 305 So.2d 113 (La.1974), wherein the Supreme Court stated:
“When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316. The owner may exculpate himself from such presumed fault only by showing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event.”
With respect to quantum the trial court awarded plaintiff $60,000.00 for Steven’s past, present and future physical and mental pain and suffering and permanent disfigurement and embarrassment; $2,325.00 for past medical bills; and $3,510.00 for future medical expenses.
Plaintiff has not answered nor has he appealed.
The defendants-appellants make the following assignment of errors:
1. “The Court misapplied the rules of Holland Vs. Buckley, 305 So.2nd 113.
2. “The Court failed to recognize an intervening eause-in-fact without which the incident would not have occurred.
3. “The award of $60,000.00 for past, present and future physical and mental pain and suffering, permanent disfigurement and embarrassment is grossly excessive and so disproportionate with respect to awards for similar personal injuries in Louisiana as to be beyond the discretion of the trial judge.
4. “The Court erroneously awarded damages for past, present and future psychological effects of the injury even though such damages were not sought in plaintiff’s petition and no evidence was offered to substantiate such damages.
5. “The Court reached conclusions regarding future disfigurement and future pain which are not supported by the evidence.”
Defendants contend that under Holland v. Buckley, supra, the acts and omissions of Steven’s mother, Mrs. St. Martin, in bringing him to the dog yard during the dog’s feeding time and allowing him to enter the dog yard even though she had been warned by her father not to do so, constituted fault of a third person sufficient to exonerate defendants from liability. We cannot agree. The record discloses that on this occasion Mr. and Mrs. Rayne specifically requested that their daughter, Mrs. St. Martin, feed their dog while they were to be away from home. Consequently, Mrs. St. Martin was acting as an agent of her parents in allowing her son to enter the dog yard. Therefore, it cannot be contended that the harm was caused by the fault of a third person for whom the owners, Mr. and Mrs. Rayne, were not responsible. Furthermore, there has been no showing that the harm was caused by the victim, Steven Paul St. Martin, or that the harm was caused by a fortuitous event. Therefore, defendants have failed to show that they fall within one of the exceptions to the owner’s presumption of fault within the guidelines of the Holland ease.
Defendants next contend that the damages award for pain and suffering, permanent disfigurement and embarrassment is grossly excessive and disproportionate with respect to awards for similar personal injuries as to be beyond the discretion of the trial court.
“The trier of fact is granted much discretion in the award of general damages, i. e., those which may not be fixed with any degree of pecuniary exactitude but which, instead, involve mental or physical pain or suffering, inconvenience, the loss of gratification of intellectual or physical enjoyment, or other losses of life or life-style which cannot really be measured definitely in terms of money. Civil Code Article 1934(3) .” Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974).
“The appellate review of awards for general damages is limited to determining *888 whether the trial court abused its great discretion. The adequacy or inadequacy of an award should be determined on the basis of the facts and circumstances peculiar to the case under review, having in regard also that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony, including that of residual pain. The awards made in other cases provide no scale of uniformity; their use is limited to serving as an aid to determine, if the present award is greatly disproportionate to similar awards (if truly similar), whether an issue of abuse of discretion may exist in the present case. In any event, an abuse of trial-court discretion must be clearly demonstrated by the record before an appellate court will tamper with an award of general damages.” Anderson v. Welding Testing Laboratory, Inc., supra; Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
“The question is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. That such evidence might also support a greater (or smaller) award will not justify a change in the amount by the appellate court. Only when the trial court abuses its broad discretion should the award be adjusted, either up or down.” Anderson v. Welding Testing Laboratory, Inc., supra; Bitoun v. Landry, 302 So.2d 278 (La.1974).
Defendants urge the case of Adkins v. Fireman’s Fund Insurance Company, 313 So.2d 328 (La.App. 1st Cir. 1975), in support of their position. Therein a four year old boy was attacked by a Weimaraner and bitten about the face. The court awarded $5,000.00 for pain and suffering and disfigurement. Notwithstanding the similarity of Adkins to the instant case the trial judge chose to follow Miller v. Thomas, supra, wherein the Supreme Court reinstated the trial court’s award of $60,000.00 in general damages for facial injuries to a seventeen year old female majoring in physical education. That award had previously been reduced by the court of appeal on the basis of other similar cases in the jurisprudence. In Reasons for Judgment the trial judge in the instant case stated:
“I find that although he has suffered more lacerations and greater pain and suffering and medical treatment and costs than that suffered by the young lady in the case of Miller v. Thomas, . I feel that the adverse psychological affect of permanent scars to the young lady in the Miller case would be slightly greater than that which will be suffered by Steven Paul St. Martin. That where he would be entitled to more for pain and suffering than Miss Miller he would be entitled to less for the damages caused to his anxiety and adverse psychological affect, embarrassment and discomfort.”
Unlike the circumstances of the Adkins case the injuries sustained by Steven in this case were severe in comparison. After the attack Steven bled a great deal. His eyelid was cut through to the eyeball, and his face had a deep gouge across the nose almost to the point where the bone was visible. He was not given sedatives for pain until he was brought to surgery at Oschner Foundation Hospital in New Orleans, a trip which was approximately fifty-five miles from Houma to New Orleans. He was put under anesthesia at 10:15 P.M. and surgery began at 10:40 P.M. Surgery was completed at 1:25 A.M. the following morning. The child received approximately three hundred sutures in the face. Approximately five days later the sutures were removed under anesthesia. Upon returning home he was required to remain quiet for several weeks thereafter. Besides one jagged and obvious scar which commences on the bridge of his nose next to his right eye then proceeds across the left side of his nose towards his left cheek bone and terminates out on the left cheek at a point approximately parallel with the lower portion of his nose, there are other scars on his face, chin and neck.
The deposition of Dr. Duncan M. McKee, Steven’s plastic surgeon, established that future operations for the purpose of reducing these scars will only be successful to the extent of 50-60% improvement.
*889 Accordingly, we do not find that the trial judge abused the “much discretion” accorded to him under the law in the assessment of general damages in light of the facts and circumstances peculiar to this case.
With respect to the defendants’ forth assignment of errors we find that the scope of the pleadings were enlarged by the testimony given at trial without objection and that there was sufficient credible evidence of record to support an award of damages on the basis of Steven’s past, present and future mental pain and suffering and embarrassment. C.C.P. Article 1154.
Likewise the award for future disfigurement and future pain was also supported by the evidence. The scarring is permanent and the testimony of Dr. McKee established that all patients who have facial deformity experience some degree of emotional trauma.
For the above reasons the judgment of the trial court is affirmed at defendants-appellants’ cost.
AFFIRMED.