BEER, Judge.
Ida Mae Honor was injured in a fall which occurred as she departed following a visit to her sister’s house. She was exiting the premises via precast concrete steps which had been vertically split, leaving a gap of three or four inches. This split had existed for at least a year and had, of a *261 certainty, been observed by Ida Mae since she was a frequent and regular visitor. But on this occasion, the split apparently widened as she made use of the steps, and she felt her foot “sink” into the crevice. Her leg went down into the gap, and she lost her balance and fell to the sidewalk.
In Wilson v. Virgademo, 258 So.2d 572, 575 (La.App. 4th Cir. 1972), we quoted with approval the rule stated in Redd v. Sokoloski, 2 So.2d 266, 268 (La.App. 2nd Cir. 1941), as follows:
“ * * (W)e understand the rule to be that where a tenant has knowledge of the generally defective condition of a portion of the rented premises, but it reasonably appeals that he might safely use it with the exercise of care, his use in such manner does not constitute contributory negligence that would bar his recovery in an action for damages resulting from the defects. If, however, he was aware of the defect causing the injury and it was such as to indicate to a reasonable-minded person that use of the defective portion was apparently and imminently dangerous, recovery is not permitted.’ ”
In Wilson, supra, the controlling facts were similar (even though the plaintiff was the tenant) in that the defective condition had existed since Mrs. Wilson moved in, and she was well aware of its danger as she had previously fallen from the step. We observed:
“An application of the facts of this case to the above-quoted rule leads us to the conclusion that Mrs. Wilson’s continued use of the steps despite her knowledge of their condition was not so unreasonable as to bar her recovery in this action for damages. While the defect was admittedly obvious we do not find it was so ‘apparently and imminently dangerous’ that she might not safely use it with the exercise of care. Nor does the fact that this accident occurred ipso facto render her use of the steps unreasonable under the circumstances. Were this the case the rule would be rendered totally meaningless. Id., at 575.”
Here, there is evidence to support the factual conclusion that the crack actually widened during the critical moment when Ida Mae was using the stairs and, therefore, fell into greater and more dangerous ruin when being used in the same way as they had been used on the many previous occasions of Ida Mae’s visits.
Sixteen-year-old Ida Mae’s injuries consisted of bruises and brush burns on her side and arms, and a laceration and bruise in the area of her right eye which caused swelling of the right side of her face. She was brought to Charity Hospital where drops were administered to her eye, but not much else was done on this or her two subsequent visits. Her mother treated the area of her facial injury for about one month by placing ice packs around the area of swelling. Her arm and side healed in about one week.
Prior to trial and at the suggestion of her attorney, Honor was examined by Dr. Robert Azar, who found no loss of visual function, but did find evidence of a “moderately severe trauma to the right eye” and noted “a large pigmented area beneath the right lower eyelid compatible with the trauma she allegedly sustained in an accident of April 16, 1975.” He goes on to observe:
“In summary, Ida Mae Honor demonstrates evidence of moderately severe trauma to the right eye that has produced an appreciable facial cosmetic defect. There is no measurable loss of visual function at this time but the eyelid pigmentation appears to be permanent.”
The trial court is vested with much discretion in determining quantum, Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974), and we do not find the award of $2,250 to be excessive.
Able counsel for Thomas Bechtel, Bourgeois and Duke Realtors & Insurance, Inc. and Cherokee Insurance Company contend that the record contains no evidence to sustain the trial court’s inclusion of Bourgeois and Duke in the judgment in Honor’s favor. We agree. Bourgeois and Duke collected the rent for Bechtel, who took care (or should have taken care) of repairs to the *262 premises. There is no showing that Bourgeois and Duke had knowledge of the defective stairs. A man named LeBlanc was on their payroll and had the job of collecting the rent which was then sent by Bourgeois and Duke to Bechtel.
While proof of a failure to notify Bechtel of the defective condition of the stairs on the part of Bourgeois and Duke and/or their employee could, properly, form a basis for liability on their part, no evidence was adduced in this respect, and we do not find liability by implication in the absence of any affirmative evidence.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans is amended so as to dismiss plaintiff-appellee’s claim against Bourgeois and Duke Realtors and Insurance, Inc. at plaintiff’s cost and is, in all other respects, affirmed. Appellants Thomas Bechtel and Cherokee Insurance Company are to pay the costs of this appeal.

AMENDED AND AFFIRMED.