CULPEPPER, Judge.
This is a wrongful death action. Homer Townsend, the driver, and Eugene Ebarb, the passenger, were killed on May 24, 1977 when the pickup truck in which they were riding was struck from the rear by an 18-wheel tractor-trailer unit. The widow and children of Ebarb filed suit against both drivers and their insurers, but the Ebarb claims were settled and are not before us on appeal.
Mrs. Hazel Townsend,, widow of Homer Townsend, intervened seeking judgment for her damages against defendants (1) Freddie D. Albright, driver of the tractor-trailer unit, (2) Wade Shemwell, an alleged partner of Albright, (3) Service Lines, Inc., Al-bright’s employer, and (4) Empire Fire & Marine Insurance Company, liability insurer of the tractor-trailer unit with coverage limits of $100,000 for each person. In a supplemental petition of intervention, Mrs. Townsend named as an additional defendant Louisiana Farm Bureau Mutual Insurance Company, which carried liability insurance on each of two vehicles owned by the Townsends, with underinsured motorist coverage of $25,000 in each policy, a total of $50,000.
Prior to trial, Mrs. Townsend settled for the sum of $100,000 her claims against all of the defendants except Louisiana Farm Bureau Mutual Insurance Company. After a trial on the merits, the district judge found the accident was caused solely by the negligence of Albright, driver of the tractor-trailer unit. Judgment was rendered in favor of Mrs. Townsend and against Louisiana Farm Bureau Mutual Insurance Company for the sum of $50,000, this award being over and above the $100,000 which Mrs. Townsend had already received in her settlement with the other defendants. Louisiana Farm Bureau Mutual Insurance Company appealed.
*563 The sole issue presented on appeal is whether a total recovery of $150,000 by Mrs. Townsend for the death of her husband is so excessive that it must be reduced under our rules of appellate review of quantum.
Mr. and Mrs. Townsend were married in 1941 and had a very close and devoted marital relationship until his death. They both taught school in a rural community. During vacations, they went to graduate schools together. He earned two Masters Degrees and she one Masters Degree. They never had any children, but they worked with young people in the schools, in extracurricular activities and in the church. Both were religious. Mrs. Townsend testified her husband read some part of the Bible every day.
Mr. Townsend retired in 1970, but his wife continued to teach in public schools until 1972 and then in a private school until Mr. Townsend’s death. He had been interested in raising cattle, and after retirement they spent much of their time caring for a herd of about 200 registered hereford cattle.
Mr. Townsend had been active in civic work all of his life. At the time of his death, he was president of the Sabine Parish School Board. The evidence shows that he was a highly respected community leader.
The death of her husband caused a drastic change in the life of Mrs. Townsend. Having had no children, she depended largely on Mr. Townsend for love and companionship in her private and family life. Through their work together in educational, church and civic affairs, they were at the center of community activities in this rural area. Of course, they worked hard in their family business of raising a herd of registered cattle, and they had great plans for its future. All of this ended with Mr. Townsend’s death.
After Mr. Townsend died, she first tried to keep the cattle, but, without the help of her husband, she was simply unable to do so. Also, she was afraid to live alone. At the time of trial, she had moved to Shreveport to be near her sister. Mrs. Townsend was living in an apartment in lonely and unfamiliar surroundings.
In written reasons, the trial judge summarized the facts as follows:
“Under the facts of this case, Mrs. Inez Wedge worth Townsend is entitled to recover, from Louisiana Farm Bureau Mutual Insurance Company, the sum of $50,-000.00, over and above the $100,000.00 she has received in settlement from the other defendants in this case. Loss of the devotion and companionship of her husband alone is of sufficient magnitude to entitle her to this sum, separate and apart from any other losses and/or expenses she may have incurred. Cacibauda v. Gaiennie, 305 So2nd 572 [La.App.]; Douglas Fowler, et al v. Western Union Telegraph Company, et al, 359 So2nd 196 [La.].”
As regards general damages, the rule of appellate review is stated in Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974) as follows:
“The appellate review of awards for general damages is limited to determining whether the trial court abused its great discretion. The adequacy or inadequacy of an award should be determined on the basis of the facts and circumstances peculiar to the case under review, having in regard also that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony, including that of residual pain. The awards made in other cases provide no scale of uniformity; their use is limited to serving as an aid to determine, if the present award is greatly disproportionate to similar awards (if truly similar), whether an issue of abuse of discretion may exist in the present case. In any event, an abuse of trial-court discretion must be clearly demonstrated by the record before an appellate court will tamper with an award of general damages.”
In Fowler v. Western Union Telegraph Company, 357 So.2d 1305 (3rd Cir. 1978), writ of certiorari denied, 359 So.2d 198, we affirmed an award of $90,000 to the hus *564 band for loss of love and affection of his deceased wife, where they had enjoyed a happy marriage for 41 years. In Cacibauda v. Gaiennie, 305 So.2d 572 (4th Cir. 1975), the court affirmed an award of $95,000 to the surviving widow, where the couple had enjoyed a happy marriage for 27 years.
Although the trial judge indicated in his written reasons, quoted above, that he thought an award of $150,000 in general damages for loss of love and affection was justified in this case, the entire award was not for general damages. Mrs. Townsend proved special damages. The total burial expenses were $4,468.76. Also, at the time of his death, Mr. Townsend was receiving an annual pension of $8,460 from the Teacher Retirement System, and a salary of $4,200 per year as president of the school board, a total of $12,660. Mr. Townsend was 65 years of age with a life expectancy of 12 years.
In addition, Mr. Townsend was managing and performing most of the labor for the operation of the family cattle business. He had much formal education and experience in agriculture and animal husbandry, which particularly qualified him for this business. Although the defendant makes a respectable argument that the Townsends’ cattle business had lost money in 1975 and 1976 and would have lost more in 1977, it is equally as probable that if Mr. Townsend had lived the business would eventually have shown a profit. In any event, it is more probable than not that a man with Mr. Townsend’s abilities, energy and good health would have had substantial earnings from business activities during his 12 years life expectancy.
Under all of the circumstances, we find no abuse of the trial judge’s great discretion in the award of damages in the present case.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.