BOBBIE BOUQUET AND JAMES BOUQUET, JR.
v.
WAL-MART STORES, INC.
No. 2008-C-0309.
Supreme Court of Louisiana.
April 4, 2008.
PER CURIAM.
We granted certiorari in this matter to determine whether the Court of Appeal, First Circuit, erred in reversing that portion of the trial court's judgment which affirmed the jury's general damage award and amending the judgment to reflect an increase of the general damages awarded from $115,000 to $200,000. For the reasons that follow, we reverse that part of the Court of Appeal's judgment reversing, in part, and amending the judgment of the trial court. Accordingly, the trial court's judgment is reinstated.

FACTS AND PROCEDURAL HISTORY
Ms. Bobbie Bouquet was a patron of the Wal-Mart store located at 14749 Plank Road in Baker, Louisiana. According to Ms. Bouquet's testimony, on August 26, 2002, as she was walking through the pet department, she slipped and fell as a result of water which had accumulated on the floor near the fish aquariums.
On July 10, 2003, Plaintiffs, Mr. and Ms. Bouquet, filed suit in the Nineteenth Judicial District Court, Parish of East Baton Rouge, against Defendant, Wal-Mart Stores, Inc.[1] A jury trial in this matter was held January 31, 2006, through February 2, 2006. The jury returned a verdict in favor of the Plaintiffs, finding Defendant liable for Ms. Bouquet's injuries. The jury awarded the following sums to Ms. Bouquet:

 Past Medical Expenses: $143,766.30
 Future Medical Expenses: $110,000.00
 General Damages: $115,000.00
 Physical Pain and Suffering
 Mental Pain and Suffering
 Loss of Enjoyment of Life

Additionally, the jury awarded Mr. Bouquet damages in the amount of $15,000 for his loss of consortium claim.
Plaintiffs subsequently filed a Rule for Additur, a Motion for Judgment Notwithstanding the Verdict (JNOV), and in the alternative, a Motion for New Trial, on the basis that the amount of damages awarded by the jury were unreasonably low. The trial court held a hearing on May 22, 2006, denying the Plaintiffs' motions and rendering judgment in Open Court.
Plaintiffs thereafter filed an appeal with the Court of Appeal, First Circuit. Among the issues presented for review before the Court of Appeal, and the only assignment of error relevant to the instant matter, was whether the jury award of general damages in the amount of $115,000 was unreasonable "when the plaintiff has a lumbar disc fusion, has nearly all of her movements restricted, and must take medicine the remainder of her life to make her pain tolerable."
The Court of Appeal set forth the standard of review applicable to a general damage award, the abuse of discretion standard, and found that the jury abused its discretion by "awarding an inadequate award of only $115,000 in general damages," stating that its finding was based "upon a thorough review of evidence" before it.[2]Bouquet v. Wal-Mart Stores, Inc., 06-1811, pp. 3-4, (La. App. 1 Cir. 12/21/07) 2007 WL 4463484, at *2. Because it found the trial court abused its discretion, the Court of Appeal reviewed other similar damage awards and determined the lowest amount reasonably within the discretion of the jury was $200,000. Id., p. 4, at *4. Accordingly, it amended the trial court's judgment and increased Ms. Bouquet's general damage award to $200,000. Id. One judge dissented from the Court of Appeal's judgment as it related to the general damage award on the basis that the majority ignored the jury's evaluations of credibility and inferences of fact, and impermissibly substituted its own evaluations and inferences. Id.
The Court of Appeal opinion was issued on December 21, 2007. Rehearing was granted and the opinion was amended on January 10, 2008.[3] The defendant timely filed the instant writ application with this Court, asserting that the Court of Appeal erred in finding the jury abused its discretion by awarding Ms. Bouquet general damages in the amount of $115,000 and amending the trial court's judgment to increase general damages to $200,000. Defendant argues that the Court of Appeal erred in substituting its own evaluation of the record and ignoring the great deference afforded the jury.[4] Defendant maintains that the Court of Appeal cannot substitute its own evaluation of the record for the credibility determinations made by the jury.[5]

DISCUSSION
The sole issue before us is whether the Court of Appeal, First Circuit, erred in finding that the jury abused its discretion by awarding Ms. Bouquet only $115,000 in general damages and amending the trial court's judgment to reflect a general damages award of $200,000. To resolve this issue, we must first determine whether the Court of Appeal properly applied the relevant standard of review.
General damages are those which are inherently speculative in nature and cannot be fixed with mathematical certainty. Duncan v. Kansas City So. Ry. Co., 00-0066, p.13 (La. 10/30/00), 773 So. 2d 670, 682; Boswell v. Roy O. Martin Lumber Co., 363 So.2d 506, 507 (La.1978); Anderson v. Welding Testing Lab., Inc., 304 So.2d 351, 352 (La.1974). In the instant matter, general damages in the amount of $115,000 were awarded by the jury to Ms. Bouquet for physical pain and suffering, mental pain and suffering, and loss of enjoyment of life.[6]
The standard of review applicable to a general damages award is the abuse of discretion standard. Anderson, 304 So. 2d at 353; Coco v. Winston Indus., Inc., 341 So. 2d 332, 335 (La. 1976). The trier of fact is afforded much discretion in assessing the facts and rendering an award because it is in the best position to evaluate witness credibility and see the evidence firsthand. Duncan, 00-0066, p.13, 773 So. 2d at 682 ("Vast discretion is accorded the trier of fact in fixing general damage awards."); Anderson v. New Orleans Pub. Serv., Inc., 583 So. 2d 829, 834 (La. 1991). An appellate court may disturb a damages award only after an articulated analysis of the facts reveals an abuse of discretion. Theriot v. Allstate Ins. Co., 625 So. 2d 1337, 1340 (La. 1993); Youn v. Maritime Overseas Corp., 623 So. 2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S. Ct. 1059, 127 L.Ed.2d 379 (1994). The role of an appellate court in reviewing a general damages award is not to decide what it considers to be an appropriate award but rather to review the exercise of discretion by the trier of fact. Duncan, 00-0066, p.13, 773 So. 2d at 682-83; Youn, 623 So. 2d at 1260. To determine whether the fact finder has abused its discretion, the reviewing court looks first to the facts and circumstances of the particular case. Theriot, 625 So. 2d at 1340; Youn, 623 So. 2d at 1261.
Only if a review of the facts reveals an abuse of discretion, is it appropriate for the appellate court to resort to a review of prior similar awards. Duncan, 00-0066, p. 14, 773 So. 2d at 683; Cone v. Nat'l Emergency Serv. Inc., 99-0934, p. 8 (La. 10/29/99), 747 So. 2d 1085, 1089; Youn, 623 So. 2d at 1261. In a review of the facts, the test is whether the present award is greatly disproportionate to the mass of past awards for truly similar injuries. Theriot, 625 So. 2d at 1340; Reck v. Stevens, 373 So. 2d 498, 501 (La. 1979). Prior awards, however, are only a guide. Theriot, 625 So. 2d at 1340.
With these principles in mind, we must determine whether the Court of Appeal properly applied the abuse of discretion standard of review. Although it recognized and stated the proper standard of review, the Court of Appeal failed to analyze the particular facts and circumstances surrounding the injuries sustained by Ms. Bouquet and failed to articulate how the injuries specifically impacted her. To the contrary, the Court of Appeal merely stated, without substantial analysis, that the jury abused its discretion in awarding general damages in the amount of $115,000.[7]Cf. Miller v. Lammico, et al., 07-1352, p. 15 (La. 1/16/08), ___ So. 2d ___, ___ (recognizing that the Court of Appeal "thoroughly reviewed and found adequate support for each item of damages"); Joseph v. Broussard Rice Mill, Inc., 00-0628, pp. 17-18 (La. 10/30/00), 772 So. 2d 94, 106 (affirming the appellate court's finding that the jury's general damage award was abusively low after it particularized the facts of the injury suffered by the plaintiff). Because the Court of Appeal failed to show that the jury abused its discretion, it had no basis for reversing, in part, and amending the trial court's judgment. Accordingly, that portion of the Court of Appeal's judgment reversing the trial court is reversed and the trial court's judgment is reinstated.
Upon finding that the jury abused its discretion, the Court of Appeal, resorted to a review of prior similar awards. However, because we find that the Court of Appeal provided no basis for amending the trial court's judgment, its review of prior similar awards was unnecessary.

DECREE
For all of the foregoing reasons, we find that the Court of Appeal, First Circuit failed to properly apply the abuse of discretion standard of review. Accordingly, we reverse that part of the Court of Appeal judgment reversing the trial court's judgment and amending it to reflect an increase in the general damages award to $200,000, and reinstate the trial court's judgment affirming the jury's general damage award in the amount of $115,000.
AFFIRMED IN PART, REVERSED IN PART, TRIAL COURT JUDGMENT REINSTATED.
NOTES
[1] The Court of Appeal noted that during trial the parties agreed, with permission from the court, to orally amend the record to reflect the proper name of the Defendant, Wal-Mart Louisiana, L.L.C.. Bouquet v. Wal-Mart Stores, Inc., 06-1811, p. 2 n.1, (La. App. 1 Cir. 12/21/07) 2007 WL 4463484, at *2.

Wal-Mart responded to the petition filed by plaintiffs, denying the allegations set forth and asserted a Third Party Demand against Feather & Fin Ranch and its insurer, Travelers Property Casualty Company of America. Feather & Fin Ranch was providing maintenance service to Wal-Mart's aquariums and related equipment in accordance with a vendor's agreement executed by executives of Feather & Fin and Wal-Mart. Feather & Fin was later dismissed on motion of both Plaintiffs and Defendant. Id., p. 2, at *2.
[2] The Court of Appeal affirmed all other damage awards by the jury, specifically the awards for past medical expenses, future medical expenses, and Mr. Bouquet's loss of consortium.
[3] The Order issued by the Court of Appeal, First Circuit on January 10, 2008, provided:

This Court GRANTS A REHEARING for the sole purpose of clarifying the last sentence of the first paragraph of the opinion to read, `For the reasons that follow, we amend and affirm as amended.'
[4] Plaintiffs filed a writ application raising other issues which are not pertinent to the instant matter. See Brief of Appellant, Bouquet v. Wal-Mart Stores, Inc., No. 08-C-236 (Jan. 30, 2008). Plaintiffs did not file an opposition in the instant matter.
[5] Defendant's writ application states that "[t]he record contains compelling documentary and testimonial evidence calling into question plaintiff's credibility as to the amount of her pre-and post-surgery pain, use of narcotic medications, and level of disability." See Brief of Appellant at 8-9, Bouquet v. Wal-Mart Stores, Inc., No. 08-C-309 (Feb. 12, 2008)
[6] Additionally, as previously mentioned, Ms. Bouquet was awarded future medical expenses of $110,000, past medical expenses of $143,766.30, and Mr. Bouquet was awarded $15,000 for his loss of consortium claim.
[7] We do not mean to say that an appellate court is required to engage in a lengthy discussion of each item of damages, but it must do more than merely state that the jury abused its discretion without providing specific reasons therefor. The standard of review requires a consideration of the particular facts and circumstances presented by each case and the analysis of an appellate court should demonstrate that it has thoroughly considered the facts and circumstances set forth in the case before it.